2:15-cv-02390-SB

# Exhibit

# #1

Oregon Offender Search Public Information

Screen for Inmate Robert Craig Woodroffe #5631215

Proof the Plaintiff is an inmate.

This Plaintiff has been declared a

Vexatious Litigant (See Exhibit 3) and

declared a "3 Strikes Litigant (See Exhibit 4).

*King's File*

Oregon Offender Search                                                    Page 1 of 2

# OREGON.gov

**Department of Corrections**                                    VINE link for this offender

## Oregon Offender Search

| Print |
| Help |

**Public Information (Last Updated: 02/25/2015 18:35:06)**

Offender Name: Woodroffe, Robert Craig

Age:     52          DOB: 12/1962
Gender: Male         Race: White Or European Origin
Height: 5'08"        Hair: Brown
Weight: 150 lbs      Eyes: Blue

SID# 5631215         Caseload: 14001 Ablsitt, Doug

Location: Two Rivers Correctional Institution

Status: Inmate

Institution Admission Date 04/21/1995
Earliest Release Date:        11/04/2021

*For Identification Purposes*

*DOB: 12/13/1962*
*SS# 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*
*OOL/ID 3977014*
*SID # 5631215*

**Offenses    Names**

| Docket Number | County | Crime | Sentence Type | Begin Date | Termination Date |
|---|---|---|---|---|---|
| 33633 | POLK | DELIV/MANU CONT SUB - SCH III | Inmate Sentence | 12/19/1984 | 12/19/1988 |
| 853372 | POLK | THEFT I | Inmate Sentence | 01/09/1986 | 06/02/1991 |
| 853442 | POLK | FORGERY I | Inmate Sentence | 03/05/1986 | 06/24/1992 |
| 108800319 | LANE | CRIMINAL CONSPIRACY C FELONY/FORGERY I | Inmate Sentence | 05/04/1988 | 06/13/1997 |
| 108800319 | LANE | FORGERY I | Inmate Sentence | 05/04/1988 | 08/22/1997 |
| 900658 | LINC | THEFT I | Inmate Sentence | 05/14/1991 | 10/20/1991 |
| 109400808/06 | LANE | THEFT I | Inmate Jail Sentence | 07/26/1994 | 11/10/1994 |
| 109400808/07 | LANE | ROBBERY I | Inmate Sentence | 04/21/1995 | |
| 109400808/07 | LANE | DANGEROUS OFFENDER MIN TERM-SG | Dangerous Offender Sentence | 04/21/1995 | 12/28/2002 |

| Back | New Search |

Disclaimer Notice: The Oregon Department of Corrections makes available the following offender information in its Oregon Offender Search (OOS) system as a service to the public. While the information is believed to be accurate, the Oregon Department of Corrections makes no warranties, express or implied, as to the accuracy of the information. Further, the Department assumes no legal liability or responsibility for the accuracy or completeness of any of the information provided. Information is updated by the Department periodically, and may change. As such, the information should not be used as an "official" record by any law enforcement agency or any other entity or person.

In order to obtain an official or certified copy of an offender record, please click on the link: Record Request

---

Notice: In order to more effectively track inmate transfers between institutions, each co-located minimum facility has a unique abbreviation. For example, Snake River Correctional Institutions - Minimum and Medium facility used to both be referred to as SRCI. The medium facility will retain the SRCI abbreviation; the minimum will have the SRCM abbreviation.

**Please refer to this chart for the new abbreviations.**

| Previous Abbreviations | New Abbreviations |
|---|---|
| CCCF - Coffee Creek Correctional Facility | • CCCF - Coffee Creek Correctional Facility, Medium<br>• CCCM - Coffee Creek Correctional Facility, Minimum<br>• CCIC - Coffee Creek Intake Center |
| DRCI - Deer Ridge Correctional Institution | • DRCI - Deer Ridge Correctional Institution, Medium<br>• DRCM - Deer Ridge Correctional Institution, Minimum |
| SRCI - Snake River Correctional Institution | • SRCI - Snake River Correctional Institution, Medium<br>• SRCM - Snake River Correctional Institution, Minimum |
| TRCI - Two Rivers Correctional Institution | • TRCI - Two Rivers Correctional Institution, Medium |

EXHIBIT 1, Page 1 of 1

2:15-cv-02390-SB

# Exhibit
# #2

Declaration of SHANNON Vincent - Senior

Assistant Attorney General - OReGON DOJ

Proof Plaintiff has had 3 or more

Cases dismissed as frivolous or for failure

to state a claim - "3 Strikes"

Plaintiff Woodroffe has been

harassing defendant King for 12 years

(See Exhibit 5).

1

2

3

4              IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                     FOR THE COUNTY OF UMATILLA

6    ROBERT WOODROFFE,                    | Case No. CV140812

7              Plaintiff,                  | DECLARATION OF SHANNON VINCENT

8         v.

9    STATE OF OREGON; COLETTE PETERS;
     MICHAEL GOWER; JERI TAYLOR;          | **ORS 20.140 - State fees deferred at filing**
10   CAPT. IVERSON; CAPT. PEDRO;
     CAPT. LYTLE; LT. BOSTON; LT. EDISON;
11   LT. BURCHETT; LT. R. A. YOUNG;
     SGT. PRIMMER; SGT. BROWN;
12   C/O RANSIER; R. HILLMICK; DET. K.
     FARBER; AND ROBERT KING, JR.;
13   KURTUS MCVAE, et al, all defendants are
     sued in their individual and official capacities,
14

15            Defendants.

16        I, Shannon Vincent, hereby declare:

17        1.      I am a Senior Assistant Attorney General at the Oregon Department of Justice.  I

18   make this declaration from a combination of personal knowledge and in reliance on the public

19   records attached as exhibits hereto.

20        2.      I make this declaration in support of the State defendants' motion to revoke

21   plaintiff's fee waiver.

22        3.      Plaintiff Robert Woodroffe is an inmate in the custody of the Oregon Department

23   of Corrections (ODOC).  Plaintiff has been in ODOC custody since April 21, 1995.[1]

24        4.      While in custody, plaintiff has filed numerous lawsuits against State defendants.

25   Some of plaintiff's litigation history is outlined herein.

26   ─────────────────
     [1] See Exhibit 1, Oregon Offender Search public information screen for Robert Craig Woodroffe.

Page 1 -   DECLARATION OF SHANNON VINCENT
           SMV/cbh/6325967-v1

Exhibit 2

*WOODROFFE v. TAYLOR, ET AL.*
UMATILLA COUNTY CIRCUIT COURT CASE NO. CV140812

5.  In *Woodroffe v. Taylor, et al.*, Umatilla County Circuit Court Case No. CV140812, plaintiff named 18 defendants in a 38-page complaint.[2]

6.  The 18 defendants that plaintiff named in his complaint included the State of Oregon and 15 State employees.[3]

7.  Plaintiff's original complaint included claims for conversion, coercion, harassment, negligence, First Amendment retaliation, intentional infliction of emotional distress, libel, slander, breach of duty, false imprisonment, cruel and unusual punishment, denial of due process, and destruction of property.[4]

8.  On October 30, 2014, the Court entered the Court's *Order Regarding State Defendant's Rule 21A(8) Motion*. With the exception of plaintiff's property loss claim—which the Court gave plaintiff leave to replead—the Court dismissed plaintiff's complaint without leave to amend for failure to state a claim for relief.[5]

9.  Eleven State employees have been dismissed from this case so far: Colette Peters, Michael Gower, Capt. Iverson, Capt. Pedro, Capt. Lytle, Lt. Boston, Lt. R. Young, Sgt. Primmer, Sgt. Brown, R. Hillmick, and Detective K. Farber.

*WOODROFFE v. STATE OF OREGON, ET AL.*
UMATILLA COUNTY CIRCUIT COURT CASE NO. 140914

10.  In *Woodroffe v. State of Oregon, et al.*, Umatilla County Circuit Court Case No. 140914, plaintiff named 11 defendants in a 29-page complaint.[6]

11.  The 11 defendants that plaintiff named in his complaint include the State of Oregon and 7 State employees.[7]

---

[2] See Exhibit 2, *Verified Complaint*.

[3] See *Id.*

[4] See *Id.*

[5] See Exhibit 3, *Order Regarding State Defendant's Rule 21A(8) Motion*.

[6] See Exhibit 4, *Verified Complaint*.

[7] See *Id.*

Page 2 -   DECLARATION OF SHANNON VINCENT
SMV/cbh/6325967-v1

1    12.    Plaintiff's original complaint, which was filed in Clackamas County, included

2    claims for theft, lost property, fraud, breach of agreement, violation of rules and policy, breach of

3    duty, denial of due process, official misconduct, and negligence.[8]

4    13.    Plaintiff's original complaint was dismissed for failure to state a claim by the

5    Clackamas County Circuit Court.

6    14.    On January 14, 2014, plaintiff filed an *Amended Verified Complaint*.[9]

7    15.    Plaintiff's first amended complaint expanded the scope of relief beyond that

8    which was sought in plaintiff's original complaint.  Plaintiff added claims for retaliation,

9    conversion, and trespass of chattels to his first amended complaint.[10]

10    16.    In his first amended complaint, plaintiff did not remove any of the claims that

11    were previously dismissed from the case for failure to state a claim for relief.  For example,

12    plaintiff again named an Oregon State Police detective for alleged "denial of due process" arising

13    out of an alleged failure to press criminal charges against a third party, although it is well

14    established in case law that there is no such claim for relief—a point that had already been

15    briefed and decided in the case prior to plaintiff's amended complaint re-raising the same barred

16    claim.

17    17.    On the State defendants' motion, venue was changed in this case to Umatilla

18    County Circuit Court.

19    18.    On October 30, 2014, the Court entered the Court's *Order Regarding State*

20    *Defendant's Rule 21A(8) Motion*.[11]  In the Order, the Court noted that "This matter having gone

21    through the process of Rule 21 motions before, plaintiff has failed in the extreme to comply with

22    the requisite pleading rules that are expected."[12]

23    _____

[8] See *Id.*

24    [9] See Exhibit 5, *Amended Verified Complaint*.

25    [10] See *Id.*

[11] See Exhibit 6, *Order Regarding State Defendant's Rule 21A(8) Motion*.

26    [12] See *Id.*

Page 3 -    DECLARATION OF SHANNON VINCENT
            SMV/cbh/6325967-v1

Ex-3
Page 3 of 12

1    19.    With the exception of plaintiff's property loss claim—which the Court gave

2    plaintiff leave to replead—the Court dismissed plaintiff's complaint without leave to amend for

3    failure to state a claim for relief.[13]

4    20.    On November 20, 2014, plaintiff filed a *Second Amended Verified Complaint*.[14]

5    In his second amended complaint, plaintiff yet again names a State employee, Ms. Taylor, in her

6    "individual capacity" although it is well established (and has been briefed on multiple occasions

7    in the case) that individual state employees are not proper defendants for State law claims under

8    the Oregon Tort Claims Act (OTCA).  Under the OTCA, the only proper defendant for such

9    claims is the State.

10    *WOODROFFE V. STATE OF OREGON, ET AL.*
    MALHEUR COUNTY CIRCUIT COURT CASE NO. 14091110M

11    21.    In *Woodroffe v. State of Oregon, et al.*, Malheur County Circuit Court Case No.

12    14091110M, plaintiff sued 10 defendants in a 28-page complaint.[15]

13    22.    The 10 defendants that plaintiff named in his complaint include the State of

14    Oregon, ODOC, and 5 State employees.[16]

15    23.    Plaintiff originally filed the lawsuit in Linn County Circuit Court.[17]

16    24.    All individually-named State defendants were dismissed from the case for lack of

17    service.  On the State's motion, the case was transferred to Malheur County Circuit Court.

18    25.    On December 22, 2014, the Court entered an *Order Granting State's Motion to*

19    *Dismiss*.[18]  In the Order, the Court dismissed plaintiff's "breach of agreement" claim for failure

20    to state a claim, the Court dismissed plaintiff's "denial of due process" claim because the State is

21    not a proper defendant for a federal due process claim and because plaintiff does not have a

22    _____

23    [13] See *Id.*

    [14] See Exhibit 7, *Second Amended Verified Complaint*.

24    [15] See Exhibit 8, *Verified Complaint for Breach of Agreement*.

25    [16] See *Id.*

    [17] See *Id.*

26    [18] See Exhibit 9, *Order Granting the State's Motion to Dismiss*.

Page 4 -    DECLARATION OF SHANNON VINCENT
    SMV/cbh/6325967-v1

Ex 2 page 4 of 6

1    private right of action to seek money damages for that claim against the State, the Court

2    dismissed plaintiff's "negligence" claim for failure to state a claim, and the Court dismissed

3    plaintiff's "harassment" claim for failure to state a claim—noting that it could not "discern under

4    what theory of liability the claim is made or what facts support the claim."[19]

5         26.    A *General Judgment of Dismissal* was entered in the case on January 21, 2015.[20]

6    *WOODROFFE V. STATE OF OREGON, ET AL.*
     **MALHEUR COUNTY CIRCUIT COURT CASE NO. 1407987L**

7

8         27.    In *Woodroffe v. State of Oregon, et al.*, Malheur County Circuit Court Case No.

     1407987L, plaintiff sued 18 defendants in a 48-page complaint.[21]

9

10        28.    The 18 defendants that plaintiff named in his complaint include the State of

     Oregon and 17 State employees.[22]

11

12        29.    I was named as a defendant in this case arising out of my defense of other

     lawsuits that plaintiff has filed, for alleged failures to correct "injustices" at ODOC and for

13

     refusing to settle other lawsuits that plaintiff filed.[23]

14

15        30.    On August 8, 2014, counsel for the State defendants moved the Court for an order

     dismissing me from the case.[24]

16

17        31.    The Court granted the motion, and on October 27, 2014, the Court entered a

     *Limited Judgment of Dismissal as to Shannon Vincent.*[25]

18

19

20

21

───────────────

22    [19] See *Id.*

23    [20] See Exhibit 10, *Notice of Entry of Judgment.*

      [21] See Exhibit 11, *Verified Complaint.*

24    [22] See *Id.*

25    [23] See *Id.*

26    [24] See Exhibit 12, *Defendant Shannon Vincent's Motion to Dismiss and to Strike.*

      [25] See Exhibit 13, *Limited Judgment of Dismissal as to Shannon Vincent.*

Page 5 -    DECLARATION OF SHANNON VINCENT
            SMV/cbh/6325967-v1

1     *WOODROFFE V. OREGON DEP'T OF CORRECTIONS, ET AL.,*
      **U.S. DISTRICT COURT OF OREGON CASE NO. 3:05-CV-00977-MO**

2

3         32.     In *Woodroffe v. State of Oregon, et al.*, U.S. District Court of Oregon Case No.

4     3:05-cv-00977-MO, plaintiff sued 43 defendants in a 62-page complaint—all of whom were

5     either State entities or State employees.[26]

6         33.     In an *Opinion and Order* dated May 28, 2008, the Court granted summary

7     judgment in defendants' favor on every claim in plaintiff's case, with the exception of one

8     Eighth Amendment claim related to hernia treatment.[27]

9         34.     Twelve claims for relief were alleged in plaintiff's lawsuit—several of which

10    were dismissed on summary judgment for failure to state a claim for relief (*e.g.*, claims arising

11    out of alleged denial of access to courts).[28]

12        35.     In the *Opinion and Order*, the Court noted that claims raised against Parole Board

13    members failed as a matter of law because Parole Board members "have absolute immunity

14    when making decisions to grant, deny, or revoke parole."[29]

15                  *WOODROFFE V. KITZHABER, ET AL.*
      **U.S. DISTRICT COURT OF OREGON CASE NO. 2:13-CV-00403-SI.**

16        36.     In *Woodroffe v. Kitzhaber, et al.*, U.S. District Court of Oregon Case No. 2:13-cv-

17    00403-SI, plaintiff filed a 215-page complaint in federal court that named 96 defendants.[30]

18        37.     The Court, *sua sponte*, dismissed plaintiff's complaint, because it was duplicative

19    of a previous lawsuit that plaintiff filed, contained a frivolous claim, and otherwise failed to state

20    a claim.[31]

21

22    _____

23    [26] See Exhibit 14, *Amended Complaint.*

      [27] See Exhibit 15, *Opinion and Order.*

24    [28] See *Id.*

25    [29] See *Id.*

      [30] See Exhibit 16, *Verified Complaint.*

26    [31] See Exhibit 17, *Order to Dismiss Complaint.*

Page 6 -    DECLARATION OF SHANNON VINCENT
            SMV/cbh/6325967-v1

1    38.    In the order dismissing plaintiff's complaint, the Court said: "Plaintiff alleges his

2    right to access the courts has been infringed * * * , which, given the numerous filings Plaintiff

3    has made in this court, is clearly frivolous."[32]

4    39.    When plaintiff appealed the dismissal, the Court issued an order revoking

5    plaintiff's *in forma pauperis* status, certifying "that the appeal is legally frivolous and in bad

6    faith." [33]

7
                          *WOODROFFE V. STATE OF OREGON, ET AL.*
                   **U.S. DISTRICT COURT OF OREGON CASE NO. 2:12-CV-00124-SI.**
8

9    40.    In *Woodroffe v. State of Oregon, et al.*, U.S. District Court of Oregon Case No.

10   2:12-cv-00124-SI, plaintiff filed a 91-page complaint in federal court that originally named 60

11   defendants.[34]

12   41.    In an Opinion and Order dated April 29, 2013, the Court dismissed numerous

13   claims and defendants from the case with prejudice for failure to state a claim for relief,

     including:  (1) plaintiff's claims against defendants Kulongoski, Kroger, Williams, Gower,
14
     Nooth, Hodge, Gilmore, Hannon, Elliott-Blakeslee, Mullen, Rochester, Beglau, Felton, and
15
     Wheeler; (2) plaintiff's "failure to protect" claim; (3) plaintiff's state law claims; (4) plaintiff's
16
     due process claims arising out of a parole review hearing; and (5) plaintiff's "access to the
17
     courts" claim.[35]
18
                              *WOODROFFE V. BROWN, ET AL.*
                   **MARION COUNTY CIRCUIT COURT CASE NO. 10C16751.**
19

20   42.    In *Woodroffe v. Brown, et al.*, Marion County Circuit Court Case No. 10C16751,

21   plaintiff filed a 30-page complaint in Marion County Circuit Court that named 30 defendants.[36]

22

---

23   [32] See *Id.*

24   [33] See Exhibit 18, *Order Finding Appeal to be Frivolous and Revoking In Forma Pauperis Status
     on Appeal.*

25   [34] See Exhibit 19, *Complaint.*

26   [35] See Exhibit 20, *Opinion and Order.*

     [36] See Exhibit 21, *Complaint.*

Page 7 -    DECLARATION OF SHANNON VINCENT
            SMV/cbh/6325967-v1

1    43.    On August 6, 2010, the Court entered an *Order Denying Plaintiff's Motion for*

2   *Waiver or Deferral of Fees and Costs for Indigents.*[37]

3    44.    In the Order, the Court stated that "Plaintiff fails to allege sufficient facts against

4   state officials, agents, and employees to state a valid claim for relief."[38]  The Court also stated

5   that plaintiff's "civil rights claim fails because plaintiff fails to plead facts alleging that

6   confinement in disciplinary segregation imposed an atypical and significant hardship when

7   compared to confinement in administrative segregation."[39]  And the Court further stated that

8   plaintiff's "Claims regarding a denial of public records, and refusal to prosecute inmate Brown

9   also fails as a matter of law."[40]

10   
### *WOODROFFE V. NOOTH, ET AL.*
### MALHEUR COUNTY CIRCUIT COURT CASE NO. S08042321.

11

12    45.    In *Woodroffe v. Nooth, et al.*, Malheur County Circuit Court Case No.

    S08042321, plaintiff filed a small claims case against Mark Nooth.[41]

13

14    46.    On November 12, 2008, the Court entered a *Small Claims Judgment and Money*

   *Award,* in which it awarded the State of Oregon a judgment of $85.00—its prevailing party fee in

15

   defending against plaintiff's small claim.[42]

16

17   
### *WOODROFFE V. FRANKE, ET AL.*
### UMATILLA COUNTY CIRCUIT COURT CASE NO. SC120042.

18    47.    In *Woodroffe v. Franke, et al.*, Umatilla County Circuit Court Case No.

19   SC120042, plaintiff filed a small claims case against Steve Franke and Max Williams.[43]

20

21   [37] See Exhibit 22, *Order Denying Plaintiff's Motion for Waiver or Defferal of Fees and Costs for Indigents.*

22   [38] See *Id.*

23   [39] See *Id.*

24   [40] See *Id.*

   [41] See Exhibit 23, *Claim.*

25   [42] See Exhibit 24, *Order Denying Plaintiff's Motion for Waiver or Defferal of Fees and Costs for Indigents.*

26   [43] See Exhibit 25, *Claim.*

Page 8 -   DECLARATION OF SHANNON VINCENT
           SMV/cbh/6325967-v1

Ex 12 page 8 of 12

1    48.    On April 24, 2012, the State Defendants sent a letter to the Court explaining that

2    Steve Franke and Max Williams—who were public employees acting in the course and scope of

3    their employment at all times material to plaintiff's small claim—were not the proper defendants

4    for plaintiff's lawsuit pursuant to the Oregon Tort Claims Act.[44]

5    49.    On May 4, 2012, Judge Pahl entered an order denying plaintiff's small claims

6    case.[45]

7

8    *WOODROFFE V. BLACKLETTER, ET AL.*
     UMATILLA COUNTY CIRCUIT COURT CASE NO. SC06711.

9    50.    In *Woodroffe v. Blackletter, et al.*, Umatilla County Circuit Court Case No.

10   SC06711, plaintiff filed a small claims case against Sharon Blackletter and Max Williams.[46]

11   51.    On February 23, 2007, the Court entered a *General Judgment of Dismissal* as to

12   plaintiff's claim, on the grounds that "plaintiff has previously been compensated for his loss to

     the full extent allowed by applicable law."[47]

13   OTHER RELEVANT LITIGATION FILED BY PLAINTIFF

14   52.    In addition to the above cases, plaintiff has filed many other cases against public

15   bodies that may be relevant to this analysis, because they were dismissed with plaintiff taking no

16   relief or are subject to pending motions or active defense by the Oregon Department of Justice.

17   Defendants do not assert that these cases are "strikes" at this time, but reserve the right to do so

18   in the future if the Court needs further information or as the still-pending cases develop.

19   53.    These cases include the following two cases that I am (or will be) defending:

20   a.    *Woodroffe v. State of Oregon, et al.*, Umatilla County Circuit Court Case

21   No. CV141611, a lawsuit in which plaintiff sued the State of Oregon, the Commission on

22   Judicial Fitness and Disability, and 10 state employees in a 56-page complaint. In the lawsuit,

23

24   [44] See Exhibit 26, letter to Umatilla County Circuit Court dated April 24, 2012.

25   [45] See Exhibit 27, *Small Claims Judgment*.

26   [46] See Exhibit 28, *Claim*.

     [47] See Exhibit 29, *General Judgment of Dismissal*.

Page 9 -   DECLARATION OF SHANNON VINCENT
     SMV/cbh/6325967-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

Ex-2 Page 9 of 12

1    plaintiff names two Circuit Court Judges in connection with their decisions on plaintiff's small

2    claims cases—claims that are barred because judges are immune from suit. Defendants have

3    moved to dismiss all of plaintiff's claims in the case, and that motion is still pending.

4            b.    *Woodroffe v. State of Oregon, et al.*, Malheur County Circuit Court Case

5    No. 15CV1047, a lawsuit in which plaintiff names the State of Oregon, the Oregon State Bar,

6    and three state employees (as well as two other defendants) in a 15-page complaint that has not

7    yet been served.

8        54.    In addition, another attorney in my office, Andrew Hallman, is defending a

9    lawsuit filed by plaintiff in Malheur County Circuit Court, Case No. S-14-06-779. In that case,

10   plaintiff names multiple individual defendants, including another attorney and paralegal in my

11   office.

12       55.    I have reviewed Oregon Judicial Information Network (OJIN) printouts for

13   plaintiff's cases in courts throughout the State and found the following additional small claims

14   cases that were dismissed with plaintiff taking no relief. Each of these cases named an

15   individual (or individuals) who is (or who are) not subject to suit under the Oregon Tort Claims

16   Act.

17           a.    Umatilla County Circuit Court Case No. SC951586, a small claims case

18   that plaintiff filed on October 12, 1995.

19           b.    Umatilla County Circuit Court Case No. SC951665, a small claims case

20   that plaintiff filed on October 30, 1995.

21           c.    Marion County Circuit Court Case No. 97D203918, a small claims case

22   that plaintiff filed on September 23, 1997.

23           d.    Marion County Circuit Court Case No. 97D203915, a small claims case

24   that plaintiff filed on September 23, 1997.

25           e.    Marion County Circuit Court Case No. 97D203916, a small claims case

26   that plaintiff filed on September 23, 1997.

Page 10 -  DECLARATION OF SHANNON VINCENT
        SMV/cbh/6325967-v1

Ex. 2  page 10 of 12

1          f.      Marion County Circuit Court Case No. 97D203917, a small claims case

2  that plaintiff filed on September 23, 1997.

3          g.      Marion County Circuit Court Case No. 03C15440, a small claims case that

4  plaintiff filed on June 16, 2003.

5     56.     Additionally, I reviewed the Public Access to Court Electronic Records (PACER)

6  docket for a federal lawsuit that plaintiff filed in the United States District Court for the District

7  of Oregon on December 20, 1995, *Woodroffe v. Spencer, et al.*, United States District Court of

8  Oregon Case No. 3:95-cv-01993-PA.  In that case, plaintiff named Lincoln County Sherriff's

9  Department employees, several ODOC employees, and the chairman of the parole board as

10  defendants.  According to the docket, summary judgment was entered in the defendants' favor on

11  August 28, 1996.

12     57.     I have not reviewed any pending or resolved appellate litigation involving

13  plaintiff, but I note that there could be further "strikes" when appeals that plaintiff has taken are

14  considered.

15     58.     A copy of plaintiff's housing history is attached as Exhibit 30.

16     **I hereby declare that the above statement is true to the best of my knowledge and**

17  **belief, and that I understand it is made for use as evidence in court and is subject to penalty**

18  **for perjury.**

19     DATED this __4th__ day of March, 2014.

20

21

22                            SHANNON VINCENT

23

24

25

26

Page 11 -  DECLARATION OF SHANNON VINCENT
          SMV/cbh/6325967-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

Exh # 2  Page 11 of 12

1

**CERTIFICATE OF SERVICE**

2          I certify that on March _4_, 2015, I served the foregoing DECLARATION OF

3    SHANNON VINCENT upon the parties hereto by the method indicated below, and addressed to

4    the following:

5    Robert Woodroffe                          ___ HAND DELIVERY
     SID #5631215                              _X_ MAIL DELIVERY
6    Two Rivers Correctional Institution       ___ OVERNIGHT MAIL
7    82911 Beach Access Road                   ___ TELECOPY (FAX)
     Umatilla, OR 97882                        ___ E-MAIL
8          Plaintiff *Pro se*                  ___ E-FILE

9    Robert Haden King                         ___ HAND DELIVERY
     SID #6217368                              _X_ MAIL DELIVERY
10   Oregon State Penitentiary                 ___ OVERNIGHT MAIL
     2605 State Street                         ___ TELECOPY (FAX)
11   Salem, OR  97310-0505                     ___ E-MAIL
12         Defendant *Pro se*                  ___ E-FILE

13

14

15   _____
     SHANNON M. VINCENT #054700
16   Senior Assistant Attorney General
     Trial Attorney
17   Tel (503) 947-4700
     Fax (503) 947-4791
18   Shannon.M.Vincent@doj.state.or.us
     Of Attorneys for Defendants State of Oregon
19        Steve Boston; Donald Brown; James
          Burchett; James Edison; Karl Farber;
20        Michael Gower; Rodney Hillmick; Laine
          Iverson; Larry Lytle; David Pedro; Colette
21        Peters; Douglas Primmer; Greg Ransier; Jeri
          Taylor; and Richard Young

22

23

24

25

26

Page 1 -    CERTIFICATE OF SERVICE
            SMV/cbh/5459649-v1

Ex-2 page 12 of 12

2:15 - cV-02390-SB

# Exhibit

# #3

1. Motion to Declare Plaintiff A Vexatious Litigant,

2. Order Declaring Plaintiff A Vexatious Litigant

Proof Plaintiff Robert Woodroff has

been declared a Vexatious Litigant.

Plaintiff Woodroffe sued defendant

King Two (2) times and Lost both

Cases. King Won   Malheur Case No 15CV1047
                  Umatilla Case No CV140812

Also Woodroffe lost in Court of Appeals

Case No A161535.

1

2

3

4

5

6

7

8           IN THE CIRCUIT COURT OF THE STATE OF OREGON

9                 FOR THE COUNTY OF MALHEUR

10

11   ROBERT WOODROFFE,                    )
                                          )   Case No. 15CV1047
12        Plaintiff,                      )
                                          )
13     vs.                                )
                                          )   MOTION TO DECLARE PLAINTIFF
14   STATE OF OREGON, R. KRUEGER,         )   A VEXATIOUS LITIGANT
     MS. K. SHORT, LT. J. EDISON,         )
15   MICHAEL R. MAHONY, ROBERT H.         )
     KING, JR., OREGON STATE BAR,         )
16   Defendants are sued in their         )
     individual and official             )
17   capacities,                          )
                                          )
18        Defendants.                     )
     _____)

19

20          **Statement Required Under UTCR 5.050**

21        Pursuant to UTCR 5.050, Defendant Michael R. Mahony

22   ("Defendant Mahony") hereby requests oral argument on the

23   following motions:

24        (a)  Time required for oral argument is 30 minutes;

25        (b)  Official court reporting services are requested;

26

YTURRI ROSE LLP
ATTORNEYS AT LAW
P.O. BOX "S"
ONTARIO, OREGON 97914
(541) 889-5368
(541) 889-2432 – Fax
bisagiski@yturrirose.com
Page 1 - MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
(197015.0/d2/03Apr15/ti)

Exhibit B page 1 of 10

1

### Statement Required Under UTCR 5.010

2      Defendant Mahony did not confer with Plaintiff

3    regarding this Motion since Plaintiff is currently

4    incarcerated and is not represented by counsel.

5                     ### Motion No. 1

6      Defendant Mahony moves the Court for an Order

7    dismissing the Complaint with prejudice because Plaintiff

8    is a vexatious litigant and his claims are frivolous.

9    Defendant Mahony also requests that the Court prevent

10   Plaintiff from filing any future complaints without Court

11   approval.

12                    ### Introduction

13     Plaintiff Robert Woodroffe is a prisoner in the Oregon

14   State Prison system at Two Rivers Correctional Institute in

15   Umatilla County, Oregon. Mr. Woodroffe is notorious for

16   filing civil complaints, including the current action.

17   (Hindman Decl. ¶¶ 2-6, Exs. 1-2.) Since 1987, Mr. Woodroffe

18

19   has filed approximately thirty-eight (38) civil complaints

20   against over 280 defendants. (Id.) Consistent with his

21   pattern and practice, Plaintiff Woodroffe recently filed a

22   civil complaint against fellow inmate, Defendant Robert H.

23   King, as well as a number of other inmates and members of

24   the prison staff. (Hindman Decl. ¶¶ 2-4, Ex. 4.)

25     Plaintiff sent Defendant Michael R. Mahony a letter

26   indicating that Plaintiff would settle the civil complaint

YTURRI ROSE LLP
ATTORNEYS AT LAW
P.O. BOX "S"
ONTARIO, OREGON 97914
(541) 889-5368
(541) 889-2432 - fax
btturriedo@msn.com

Page 2 - MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
(197015.0/d2/03Apr15/ti)

against Defendant King, but if Defendant King did not
settle the civil complaint that Plaintiff would send
adverse information concerning Defendant King to the parole
board. (Hindman Decl. Ex. 3.) Defendant Mahony took this as
a threat amounting to extortion and reported Plaintiff's
conduct to Two Rivers Correctional Institute. (Hindman
Decl. Ex. 4.) Two Rivers Correctional Institute
investigated the incident (*Id.*) Plaintiff then filed this
lawsuit to retaliate against Defendant Mahony for reporting
his conduct to Two Rivers Correctional Institution.

Plaintiff is a vexatious litigant and fails to allege
ultimate facts supporting each of his claims for relief.
Defendant Mahony separately moved the Court to dismiss the
Complaint in its entirety with prejudice under ORCP 21.   He
now seeks an order labeling Plaintiff a vexatious litigant
and preventing him from filing any future actions without
first obtaining a court order.

## POINTS AND AUTHORITIES

"Every court of justice has power to control, in
furtherance of justice, the conduct of its ministerial
officers, and of all other persons in any manner connected
with a judicial proceeding before it, in every manner
pertaining thereto." ORS 1.010(5); *see also Schnitzer v.*
*Stein*, 96 Or. 343 (1920)(A court has inherent power to

YTURRI ROSE LLP
ATTORNEYS AT LAW
P.O. BOX "B"
ONTARIO, OREGON 97914
(541) 889-5368
(541) 889-3432 – fax
yturrirose.com

Page 3 - MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
(197015.0/d2/03Apr15/ti)

1  prescribe rules to methodically dispose of cases.) While

2  Oregon cases do not appear to be directly on point, Federal

3  cases are instructive in holding that a Court can classify

4  a party with an abusive and lengthy litigation history as a

5  "vexatious litigant" and thereby restrict the litigant from

6  filing future lawsuits, or require that the litigant

7  receive prior court approval before filing any future

8  lawsuits. *DeLong v. Hennessey*, 912 F.2d 1144, 1146 (1990);

9  *see also Ringgold-Lockhart v. County of LA*, 761 F.3d 1057,

10  1061 (9th Cir. 2014).

11      Plaintiff is an extreme example of a vexatious

12  litigant and the Court should prevent his continued abuse

13  of the Oregon state and federal court system by: (1)

14  dismissing this frivolous Complaint in its entirety against

15  each Defendant; and, (2) entering an order that classifies

16  Plaintiff as a vexatious litigant and require him to

17  receive prior court approval before filing any future

18  lawsuits. Since 1987, Plaintiff has filed approximately

19  thirty-four (34) Oregon state civil court actions, not

20  including habeas corpus, post-conviction relief, and

21  domestic relations proceedings. (Hindman Decl. ¶ 2, Ex. 1.)

22  Plaintiff has filed four (4) additional civil lawsuits in

23  the Federal District of Oregon since 1996. (Hindman Decl. ¶

24  4, Ex. 2.) Through the thirty-eight separate Complaints,

25  Plaintiff has sued over 280 defendants. (Hindman Decl. ¶

26  6.) The defendants include, but are not limited to, the

Page 4 – MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
(197015.0/d2/03Apr15/ti)

Exhibit R   page 4 of 10

1 State of Oregon, the Oregon Governor, prison staff, judges,

2 attorneys, doctors, and fellow inmates. (Hindman Decl. ¶

3 7.)

4     The Courts have dismissed many of Plaintiff's claims

5 on grounds that they were frivolous, failed to state a

6 claim for relief, and/or sought monetary relief from a

7 defendant immune from damages. Some of Plaintiff's

8 previously dismissed actions include:

| MALHEUR COUNTY CIRCUIT COURT | | | |
|---|---|---|---|
| Case Name | Case No. | Dismissal Type | Date of Dismissal |
| Woodroffe v. State of Oregon, et al. | Case No. 14091110M | Failure to State a Claim | December 22, 2014 |
| Woodroffe v. State of Oregon, et al. | Case No. 1407987L | Failure to State a Claim | October 27, 2014 |
| Woodroffe v. Nooth, et al. | Case No. S08042321 | Failure to State a claim | November 12, 2008 |
| MARION COUNTY CIRCUIT COURT | | | |
| Case Name | Case No. | Dismissal Type | Date of Dismissal |
| Woodroffe v. Brown, et. al. | Case No. 10C16751 | Failure to state a claim and sought monetary relief from immune parties | August 6, 2010 |
| UMATILLA COUNTY CIRCUIT COURT | | | |
| Case Name | Case Name | Case Name | Case Name |
| Woodroffe v. Taylor, et al. | Case No. CV140812 | Failure to State a Claim | October 30, 2014 |
| Woodroffe v. State of Oregon, et al. | Case No. 140914 | Failure to State a Claim | October 30, 2014 |
| Woodroffe v. Franke, et al. | Case No. SC120042 | Sought monetary relief from immune parties | May 4, 2012 |
| Woodroffe v. Blackleter, et al. | Case No. SC06711 | Failure to state a claim | February 23, 2007 |
| UNITED STATES DISTRICT COURT OF OREGON | | | |
| Case Name | Case No. | Dismissal Type | Date of Dismissal |
| Woodroffe v. | Case No. 3:05- | Failure to state | May 27, 2008 |

YTURRI ROSE LLP
ATTORNEY AT LAW
P.O. BOX "B"
ONTARIO, OREGON 97914
(541) 889-5368
(541) 889-3463 – fax
blaprhid@yturrirose.com

Page 5 – MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
(197015.0/d2/03Apr15/ti)

Exhibit B    Page 5 of 10

| | | | |
|---|---|---|---|
| Oregon Dep't of Corrections, et al. | cv-00977-MO | a claim and sought monetary relief from immune parties | |
| Woodroffe v. Kitzhaber, et al. | Case No. 2:13-cv-00403-SI | Failure to State a claim and frivolous | June 5, 2013 |
| Woodroffe v. State of Oregon et al. | Case No. 2:12-cv-00124-SI | Failure to state a claim | April 29, 2013 |
| | | | |

This list does not include the numerous small claims court decisions that the Courts have dismissed, the at least eight (8) cases currently pending or the cases in which the parties agreed to pay a very small amount of spending money to Mr. Woodroffe in order to settle frivolous claims without proceeding further. (Hindman Decl. ¶ 9-10.)

Plaintiff is financially able to file the volume of lawsuits because Courts routinely waive his filing fee. (Hindman Decl. ¶ 8.) If Defendants choose not to settle, Plaintiff threatens them with appeals all the way to the Supreme Court and the prospect of having to continue to spend money to defend the frivolous claims. (Hindman Decl. Ex. 5.) In total, Plaintiff's modus operandi is to file frivolous and unsubstantiated lawsuits against numerous defendants, threaten to force them to continue spending money on attorney fees through continued litigation and appeal, and attempt to get small settlements from each Defendant in exchange for a dismissal.

YTURRI ROSE LLP
ATTORNEYS AT LAW
P.O. BOX "S"
ONTARIO, OREGON 97914
(541) 889-5368
(541) 889-2432 — fax
hhumbled@cyberpac.com

Page 6 – MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
(197015.0/d2/03Apr15/ti)

Exhibit B Page 6 of 10

1        Plaintiff is using litigation for sport and has made a

2   job out of filing lawsuits. He incurs no initial monetary

3   harm for his baseless complaints and will certainly file

4   additional    frivolous    civil    complaints    against    other

5   attorneys,  judges,  individuals,  state  officials,  or  state

6   institutions involved in this action. He will continue to

7   clog  the  Court  system  with  unfounded  claims.  Therefore,

8   Defendant Mahony respectfully requests that the Court enter

9   dismissal  with  prejudice  and  without  leave  to  amend  on

10  Defendant's Rule 21 Motions; and, classify Plaintiff as a

11  vexatious litigant that must receive Court approval before

12  filing any future complaints.

13        DATED this __3__ day of April, 2015.

14                          YTURRI ROSE LLP

15

16                          _____

17                          Jeremy Hindman, OSB #133864
                            Email: jhindman@yturrirose.com
18                          Of Attorneys for Defendant Mahony
                            **Assigned Trial Counsel:**
19                          Bruno J. Jagelski, OSB #903049
                            Telephone: (541) 889-5368

20

21

22

23

24

25

26

YTURRI ROSE LLP
ATTORNEYS AT LAW
P.O. BOX "S"
ONTARIO, OREGON 97914
(541) 889-5368
(541) 889-2432 – fax

Page 7 – MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
(197015.0/d2/03Apr15/ti)

Exhibit B    Page 7 of 10

FILED

Malheur County Circuit Court

JUN 03 2015

Time: 2:01 .m By SP

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MALHEUR

ROBERT WOODROFFE,                    )
                                     )  Case No. 15CV1047
        Plaintiff,                   )
                                     )
     vs.                             )
                                     )  ORDER DECLARING PLAINTIFF A
STATE OF OREGON, R. KRUEGER,         )  VEXATIOUS LITIGANT
MS. K. SHORT, LT. J. EDISON,         )
MICHAEL R. MAHONY, ROBERT H.         )
KING, JR., OREGON STATE BAR,         )
Defendants are sued in their         )
individual and official              )
capacities,                          )
                                     )
        Defendants.                  )
_____     )

     THIS MATTER came before the Court on May 19, 2015, on

Defendant Michael Mahony's Motion to Declare Plaintiff a

Vexatious Litigant. Defendant Michael Mahony appeared

through counsel, Bruno J. Jagelski. Plaintiff appeared pro-

se through video conference. The State of Oregon appeared

telephonically through counsel, Shannon Vincent.  The Court

considered the written submissions and oral arguments of

Page 1 - ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT

RECEIVED JUN 0 2 2015

1   the parties, and being fully apprised in the premises

2   hereby finds that Plaintiff Robert Woodroffe is a vexatious

3   litigant and orders as follows:

4       IT IS HEREBY ORDERED that:

5       1.   Defendant Michael R. Mahony's Motion to Declare

6   Plaintiff a Vexatious Litigant is granted for the reasons

7   stated: (a) by the Court in the record; (b) by Defendant

8   Michael R. Mahony's counsel at the hearing; (c) by

9   Defendant Michael R. Mahoney's counsel in their written

10  submissions; and, (d) in the State of Oregon's Joinder in

11

12  Defendant Michael R. Mahony's Motion to Declare Plaintiff a

13  Vexatious Litigant.

14      2.   From this date forward, Plaintiff Robert

15  Woodroffe is prohibited from filing any civil action in

16  Circuit Court for the State of Oregon without first

17  obtaining leave of the Court.

18      DATED this 2nd day of June , 2015.

19

20

21                          _____

                            Gregory D. Baxter
22                          Circuit Court Judge

23  *Prepared and Submitted by:*
    Jeremy Hindman, OSB #133864
24  Email: jhindman@yturrirose.com
    Of Attorneys for Defendant Mahony
25  **Assigned Trial Counsel:**
    Bruno J. Jagelski, OSB #903049
26  Email: bjagelski@yturrirose.com
    Telephone: (541) 889-5368


Page 2 - ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT

Ex-3, of 10

1

CERTIFICATE OF SERVICE

2        I HEREBY CERTIFY that on this 20 day of May, 2015, I

3   caused to be served a true copy of the foregoing <u>ORDER</u>
    <u>DECLARING PLAINTIFF A VEXATIOUS LITIGANT</u> by the method

4   indicated below, and addressed to the following:

5        Robert Woodroffe, Pro Se    ☒ U.S. Mail, Postage prepaid
         SID #5631215
6        Two Rivers Correctional
            Institution
7        82911 Beach Access Rd.
         Umatilla, OR 97882
8          Plaintiff pro se

9        Shannon M. Vincent         ☒ U.S. Mail, Postage prepaid
         Assistant Attorney General ☐ Hand Delivery
10       Oregon Dept. of Justice    ☐ Overnight Mail
11       1162 Court Street NE       ☐ Facsimile (503-684-1366)
         Salem, OR 97301            ☒ Email (shannon.m.vincent@doj.state.or.us)
12         Attorney for State Defendants

13       Amber Autumn Hollister     ☒ U.S. Mail, Postage prepaid
14       Oregon State Bar           ☐ Hand Delivery
         P.O. Box 231935            ☐ Overnight Mail
15       Tigard, OR 97281           ☐ Facsimile (503-684-1366)
           Attorney for Defendant OSB ☒ Email (ahollister@osbar.org)
16

17       Robert H. King, Jr. Pro Se ☒ U.S. Mail, Postage prepaid
         SID #6217368
18       Oregon State Penitentiary
         2605 State Street
19       Salem, OR 97310-0505
           Defendant pro se

20                        YTURRI ROSE LLP

21

22

23                        _____
                          Of Attorneys for Defendant Mahony

24

25

26

YTURRI ROSE LLP
ATTORNEYS AT LAW
P.O. BOX "S"
ONTARIO, OREGON 97914
(541) 889-5368
(541) 889-2432 - fax
rhindman@yturrirose.com

CERTIFICATE OF SERVICE

2:15 -cv- 02390 -SB

# Exhibit

# #4

Court Order Declaring the Plaintiff

A " 3 Strikes " Litigant

Proof Plaintiff Robert Woodroffe

has been Declared a " 3 Strikes "

litigant and cannot get a free

filing fee Waiver.

*"3 Strikes Ruling"*

*King File*

*152*

*Woodroffe declared a "3 strikes litigant"*

2015 MAY -7 AM 11:52

FILED
UMATI... COUR...

TRIAL COURT...

BY _____

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF UMATILLA

| | |
|---|---|
| ROBERT WOODROFFE, | Case No. CV140812 |
| Plaintiff, | COURT'S ORDER REGARDING STATE DEFENDANT'S MOTION TO VACATE FEE WAIVER – GRANTED WITH ORDER ALLOWING PLAINTIFF 30 DAYS TO CURE |
| v. | |
| STATE OF OREGON; COLETTE PETERS; MICHAEL GOWER; JERI TAYLOR; CAPT IVERSON; CAPT PEDRO; CPT LYTLE; LT BOSTON; LT EDISON; LT BURCHETT; LT R.A. YOUNG; SGT PRIMMER; SGT BROWN; CO/RASNIER; R. HILLMICK; DET K. FARBER; AND ROBERT KING, JR; KURTIS MCVAE, et al, all defendants are sued in their individual and official capacities, | |
| Defendants. | |

| | |
|---|---|
| ROBERT WOODROFFE, | Case No. CV140914 |
| Plaintiff, | COURT'S ORDER REGARDING STATE DEFENDANT'S MOTION TO VACATE FEE WAIVER |
| v. | |
| STATE OF OREGON; MR. FRANKE, supt; MS. TAYLOR; LT MCMILLEN; SGT HODG; CLACKAMAS PAROLE AND PROBATION; MARK RASMUSSEN; JEREMY GUNTER; MARCUS MOORE; R. EMERICK; C/O RANSIER; all State employees are sued in their individual and official capacities, et al; | |
| Defendants. | |

1 | COURT'S ORDER REGARDING STATE DEFENDANT'S MOTION TO VACATE FEE WAIVER – GRANTED WITH ORDER ALLOWING PLAINTIFF 30 DAYS TO CURE

*Exhibit 4 Page 1 of 11*

| | |
|---|---|
| 1  ROBERT WOODROFFE, | Case No. CV141611 |
| 2  Plaintiff, | |
| 3  v. | COURT'S ORDER REGARDING STATE DEFENDANT'S MOTION TO VACATE FEE |
| 4 | WAIVER |
| 5  STATE OF OREGON; GOVERNOR KITZHABER; JUDICIAL FITNESS AND DISABILITY; SUSAN ISAACS; | |
| 6  KRISTEN WINGES-YANEZ; BRENDA COUGHENNOWER; | |
| 7  ELLEN ROSENBLUM; RONALD J. PAHL; LYNN W. HAMPTON; DON PRIMUS; | |
| 8  JEREMY GUNTER; JAMES EASTWOOD, all defendants are sued in their official and individual capacities, et al., | |
| 9  Defendants. | |
| 10 | |

11    THIS MATTER comes to the court on May 7, 2015, the court calling for oral argument

12    matters in the above captioned cases, CV140812, CV140914 and CV141611, the court heard

13    argument upon the motions and in particular for this opinion and order upon the State

14    Defendant's Motion to Vacate the Court's fee waiver in each of these cases; the court taking

15    judicial notice of the other pending cases herein, and taking the matter under advisement,

16    therefore:

17        The plaintiff has had many cases, and indeed really is quite litigious. The cases are so

18    many that the duplication of claims seems possible, and the implications of prior dismissals, with

19    or without prejudice[1], or adjudications of the cases, the effect of collateral estoppel[2] or related

20    theory potentially important. In most of the cases there are motions to strike ORCP 21 E or

21    dismiss under ORCP 21 A.[3] The overlapping nature of the legal issues make discussion of the

22    cases separately difficult. For these cases the State Defendant's motion regarding the court's

23    earlier order waiving fees for the plaintiff must be determined as a natural order of precedent in

2    COURT'S ORDER REGARDING STATE DEFENDANT'S MOTION TO
VACATE FEE WAIVER – GRANTED WITH ORDER ALLOWING PLAINTIFF 30
DAYS TO CURE

1    the cases.  Because of the consistency of the issue, the court has consolidated the decision and

2    order for each case to be filed separately in each case.

3    **Motion to revoke fee waiver.**

4         On March 6, 2015 defendant State of Oregon filed a motion to revoke plaintiff's waiver

5    of fees under ORS 30.645 for the reason generally that plaintiff has filed three or more lawsuits

6    against a public body that were dismissed for being frivolous, or failed to state a claim, or sought

7    monetary relief from a defendant immune from damages. Therein the state asserts numerous

8    cases filed and dismissed prior to the filing of this action.[4] The court takes judicial notice of the

9    files and records of those cases. Assuming that the State is correct and that the court essentially

10    failed to catch the previous filings, analyze them in relationship to the fee waiver request of

11    plaintiff, and then deny the fee waiver or deferral based on the statute, really can the court now

12    go back upon the state's motion and do what it should have done then?  Plaintiff's argument in

13    response mostly centers on the untimeliness of the motion being well after the case was filed,

14    the court's earlier waiver of fees, his financial expenditures on the cases prior to the motion, and

15    whether the earlier cases were dismissed with prejudice.  For the reasons herein I do not find the

16    plaintiff's arguments to have legal merit.

17         ORS 21.680 et seq provides authority for the waiver and deferral of fees.  Most of those

18    statutes were created or last amended in 2007 and 2009. ORS 30.643 was created in 1999 and

19    last amended in 2007. The court must apply statutory construction rules to resolve at least part of

20    the perceived conflict between the statutes.

21         Statutory construction is a legal issue. *Blue Mountain Alliance v. Energy Facility Siting*

22    *Council*, ____ Or _____ (2013). "The methodology that Oregon courts follow in interpreting

23    statutes is a distillation of settled interpretative principles, some of which have been codified in

---

**3** | COURT'S ORDER REGARDING STATE DEFENDANT'S MOTION TO VACATE FEE WAIVER – GRANTED WITH ORDER ALLOWING PLAINTIFF 30 DAYS TO CURE

1    Oregon statutes since early statehood and others of which have been articulated in this court's

2    case law for many years. *Mastriano v. Board of Parole*, 342 Or. 684, 691, 159 P.3d 1151 (2007).

3    The methodology, as outlined in *PGE v. Bureau of Labor and Industries*, 317 Or. 606, 610-12,

4    859 P.2d 1143 (1993), entails three sequential levels of analysis to determine the legislature's

5    intent. First, the court examines the text and context of the statute. Id. at 610-11, 859 P.2d 1143.

6    If the legislature's intent is obvious from that first level of analysis, "further inquiry is

7    unnecessary." Id. at 611, 859 P.2d 1143. "If, but only if," the legislature's intent is not obvious

8    from the text and context inquiry, "the court will then move to the second level, which is to

9    consider legislative history[.]" Id. at 611, 859 P.2d 1143.  If the legislature's intent remains

10   unclear after [346 Or. 165] examining legislative history, "the court may resort to general

11   maxims of statutory construction to aid in resolving the remaining uncertainty." Id. at 612, 859

12   P.2d 1143." *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009).

13        "ORS 174.020 codifies—as it has for many years—the "cardinal rule" of statutory

14   construction that a court "shall pursue the intention of the legislature if possible." *See Holman*

15   *Trf. Co. et al. v. Portland et al*, 196 Or. 551, 564, 249 P.2d 175 (1952) (so characterizing the rule

16   when it was codified at OCLA § 2-217). In 2001, the legislature added provisions directed

17   specifically to the court's consideration of legislative history. As amended (and with the 2001

18   additions italicized), the statute provides:

19        "(1)(a) In the construction of a statute, a court shall pursue the intention of the legislature if

20   possible.

21        "(b) To assist a court in its construction of a statute, a party may offer the legislative history

22   of the statute.

23

4 | COURT'S  ORDER REGARDING STATE DEFENDANT'S MOTION TO
    VACATE FEE WAIVER – GRANTED WITH ORDER ALLOWING PLAINTIFF 30
    DAYS TO CURE

1    "(2) When a general and particular provision are inconsistent, the latter is paramount to the

2    former so that a particular intent controls a general intent that is inconsistent with the particular

3    intent.

4    "(3) A court may limit its consideration of legislative history to the information that the

5    parties provide to the court. A court shall give the weight to the legislative history that the court

6    considers to be appropriate."" *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009).

7         With the declaration of Shannon Vincent, the state did file some legislative history on

8    HB 2256 applicable to ORS 30.643 and ORS 30.645. Moreover, ORS 21.682 specifically makes

9    the authority to waive or defer fees in that statute subject to ORS 30.642 to 30.650, meaning that

10   ORS 30.645 controls. It is clear to this court that the court may not waive or defer fees in civil

11   cases against public bodies if an inmate has had three or more cases dismissed qualifying under

12   the terms in ORS 30.645. There is nothing in the statute that reflects a requirement that the

13   dismissal be with prejudice in order for that dismissal to count.

14        The issue before the court is then given that the court did waive or defer fees and given

15   that then what is the consequences of the court's failure to identify the prohibition from waiving

16   or deferring fees?  What are the consequences of the court requiring the payment of fees now?

17        ORS 21.100 initiates the requirement to pay fees.  Under the statute a circuit court may

18   only file a pleading or other document if the filing fee is paid in advance or if a request for

19   deferral or waiver is granted, with filing fees not refundable under any circumstances.[5] The

20   caption of any pleading complaint shall have a reference to the statute that establishes the filing

21   fee. ORS 21.105. The complaint filed by plaintiff in CV141611 did not comply with that

22   requirement (writing in 'fee waived'), also failed to designate the statute in CV140812 (filed

23

5 | COURT'S ORDER REGARDING STATE DEFENDANT'S MOTION TO
VACATE FEE WAIVER – GRANTED WITH ORDER ALLOWING PLAINTIFF 30
DAYS TO CURE

1   May 20, 2014), and in CV140914 (originally Clackamas County case CV13040740) wrote in

2   "ff/$240.00 / waived".

3          The court takes judicial notice of the files and records of the cases cited by the State of

4   Oregon and finds that the State met its burden of proof in regards to providing to the court the

5   requisite information on which to determine that the cases herein are subject to ORS 30.645.

6          ORS 21.105(3) allows the court to impose all fees that were due and should have been

7   paid for not complying with the caption requirement.[6] Thus, it appears that the court should not

8   have filed the complaint without the required statutory fee reference in the caption, and having

9   filed the complaint, that the plaintiff would be liable for the fees "that should have been paid at

10  the time the document was filed", and the court has discretion to impose them under the "may

11  require" language. Since the fee waiver or deferral was wrongfully allowed the order can be

12  vacated because (1) the complaint did not comply with ORS 21.105 and (2) that the fee waiver

13  was wrongfully granted.[7]

14         The failure to timely pay a fee does not necessarily result in dismissal of a case.  See,

15  *Balboa Apartments v. Patrick*, 237 Or.App. 391, 241 P.3d 317, 397 (2010) (FED case); *Dunn v.*

16  *Hill*, 156 P.3d 72, 211 Or. App. 590 (Or. App., 2007) (Habeas Corpus, surcharge fee as part of

17  fee could be ordered, case not dismissed during case with the non-payment); *Ray v. Douglas*

18  *County*, 914 P.2d 26, 140 Or.App. 24 (1996) (LUBA case, citing in part to "*U.S. National Bank*

19  *v. Lloyd's*, 239 Or 298, 382 P2d 851, 396 P2d 765 (1963), the court overruled the [Citron] case.

20  The court said that when a filing fee is required and the county clerk accepts the document for

21  filing, a filing has occurred. The case may not then be dismissed for failure to pay the fee along

22  with the filing of the document. We read this case to [140 Or.App. 30] suggest to us that the

23  Board would be viewed as being 'overly technical' were it to dismiss this case without giving the

---

6 | COURT'S  ORDER REGARDING STATE DEFENDANT'S MOTION TO
  | VACATE FEE WAIVER – GRANTED WITH ORDER ALLOWING PLAINTIFF 30
  | DAYS TO CURE

                                    ʃ  ᘓ২-૫   ρдℓℯ᷾ (ℴ ℴ੧//

1   opportunity to petitioners to file the additional required filing fee." Id. at 371"). There is no

2   reason to believe that the failure to pay the fee is jurisdictional. See, *ROD v. CITY OF*

3   *FLORENCE*, LUBA No. 2004-047 (Or. LUBA 10/26/2004) (Or. LUBA, 2004). Failure to pay a

4   fee may, however, result in dismissal, likely without prejudice. See, *Cornus Corp. v. Geac Enter.*

5   *Solutions, Inc.*, ____ Or App ____(2012)( "In contrast, in *Brown v. Simmons*, 270 SW3d 508

6   (Mo Ct App 2008), the court did not give preclusive effect to a prior federal judgment dismissing

7   the plaintiff's case for failure to comply with a court's order. In Brown, the plaintiff was a federal

8   prisoner who filed an action in federal district court based on federal question jurisdiction for

9   violations of his constitutional rights. 270 SW3d at 510. The district court dismissed his action

10  for failure to comply with a court order to pay a filing fee. Id. The plaintiff then filed a

11  subsequent action in Missouri state court, and the defendant moved to dismiss, relying on

12  *DeNardo*. Id. The court in Brown distinguished *DeNardo*: the *DeNardo* court "went to great

13  lengths to emphasize the plaintiff's blatant and willful disregard for the Court[,]" whereas in

14  Brown, "there [was] no indication or contention that [the plaintiff] willfully disregarded the

15  court's order that he pay the filing fee." Id. at 514. The court concluded: "Working under the

16  assumption that 'dismissal with prejudice [under Rule 41(b)] is an extreme sanction that should

17  be used only in cases of willful disobedience of a court's order or where a litigant exhibits a

18  pattern of intentional delay,' we cannot categorize [the plaintiff's] failure to pay the filing fee in

19  his federal case as rising to the same caliber of conduct exhibited by the plaintiff in *DeNardo*."

20  Id. (internal citation omitted; brackets in original).")

21      I conclude that under the context of the statutes that with the filing of a document without

22  the required fee that "[t]he statutes can be said to intend that the solution to an unpaid filing fee

23  is not to vitiate the document but to collect the fee from the clerk. The statutes, as before

7 | COURT'S ORDER REGARDING STATE DEFENDANT'S MOTION TO
VACATE FEE WAIVER – GRANTED WITH ORDER ALLOWING PLAINTIFF 30
DAYS TO CURE

1    mentioned, indicate that the purpose is to collect the fee, not to govern the validity of documents

2    and that time of payment is secondary to actual payment." *U.S. Nat. Bank v. Underwriters at*

3    *Lloyd's, London*, 382 P.2d 851, 239 Or. 298 (1963). Furthermore, there being no statute or

4    applicable trial court rules, the court must allow a reasonable time for the fee to be paid before

5    dismissing the case. Moreover, under the circumstances of the case, what would have been a

6    discretionary decision under ORS 21.105(3) is non-discretionary under ORS 30.645. The court

7    having not complied with the statute now has a duty to seek to comply. Furthermore, I do not

8    find any merit in plaintiff's arguments on timeliness, best likely considered  latches argument,

9    given that he ought to be allowed sufficient time to comply.  The legal concept of laches

10   generally means that there is a neglect to do something which should be done or claim or enforce

11   a claim or right at a particular time.  Latches is neglect to assert a right or claim which, taken

12   with the lapse of time and other circumstances causing prejudice to the adverse party, operates as

13   a bar to the claim[8].

14        Therefore, the court grants defendant State of Oregon motion to vacate the fee waivers

15   and allows plaintiff thirty (30) days from the date of this order to cure by payment of the filing

16   fee. The earlier order granting fee waiver in this case is hereby VACATED. In the absence of

17   the payment the case will be dismissed, vacating also any subsequent judgment as the case will

18   be 'un-filed' and relate back to the time before any orders or judgments in the case.

19   ///

20   ///

21

22

23

---

[8]  COURT'S  ORDER REGARDING STATE DEFENDANT'S MOTION TO
VACATE FEE WAIVER – GRANTED WITH ORDER ALLOWING PLAINTIFF 30
DAYS TO CURE

1    Furthermore, as a point of future litigation, plaintiff is advised that under the

2    circumstances of cases that apply to filings under ORS 30.645 that he needs to comply with the

3    statutes discussed herein as to the form of the complaint, as well as the payment of the filing fee

4    before the clerk of the court, wherever in this state, may file the document.

5        SO ORDERED this __7__ day of May, 2015.

6

7

8                                          DANIEL J. HILL
                                           Circuit Court Judge
9                                          6th Judicial District

10    DANIEL J. HILL
      CIRCUIT JUDGE
11    Umatilla and Morrow Circuit Courts          ☐ Morrow County Circuit Court
      915 SE Columbia Drive                       PO Box 609
12    Hermiston, OR 97838                          Heppner, OR 97836
                                                   Phone: 541-676-5264  Fax: 541-676-9902
13    Email: courtroom5@ojd.state.or.us            Email: courtroomheppner@ojd.state.or.us

14

15    _____

16    [1]    "The decision to dismiss a case with or without prejudice is within the discretion of the trial judge, and we
      review only for manifest abuse of that discretion. See *Dean v. Guard Publishing Co.*, 73 Or.App. 656, 660, 699 P.2d
      1158 (1985)." *Bernard v. Gary J. Lekas, P.C.*, 862 P.2d 564, 565, 124 Or.App. 416 (1993); "Under that standard, we
17    will affirm the court unless its decision is not within the range of lawful alternatives." *Gilbert v. Stancorp Financial
      Group Inc.*, 233 Or.App. 57, 61, 225 P.3d 71 (2009), rev. den.,348 Or. 218, 230 P.3d 20 (2010)." *Munson v. Valley
      Energy Inv. Fund, US, LP*, 264 Or.App. 679, 333 P.3d 1102 (2014).
18
      [2]    "An order of dismissal without prejudice adjudicates nothing, *Huzar v. Certified Realty Co.*, supra, 272 Or.
19    at 523, 538 P.2d 57, and would not lend itself to a later assertion of res judicata, Annotation, 149 A.L.R. 557 (1944),
      or collateral estoppel. Even were there a judgment based on a final order dismissing the suit with prejudice, the
20    question would remain on remand whether such a judgment "actually and necessarily included," and was therefore
      determinative of, defendant's strict liability. See ORS 43.160; *Lewis v. International Business Machines Corp.*, 393
      F.Supp. 305 (D.C.Or.1974). Where the first judgment was based on a dismissal with prejudice after settlement by
21    the parties, it may be unclear whether or not the judgment is actually determinative on the issue in question. For
      example, the settlement may be a compromise on the issue of liability, which defendant continues to disclaim. 4
      Collateral [43 Or.App. 388] estoppel might also be inappropriate when the prior lawsuit has been settled in those
22
      " * * * instances in which the party to the first case, at the time of that litigation, does not realize that
23    subsequent litigation is in the offing. Depending upon the circumstances, this might be the basis for a valid argument

9 | COURT'S ORDER REGARDING STATE DEFENDANT'S MOTION TO
    VACATE FEE WAIVER – GRANTED WITH ORDER ALLOWING PLAINTIFF 30
    DAYS TO CURE                    Exh – 4   Page 9 of 111

Laches depends on the circumstances of each case and will not be
"applied mechanically to every situation" merely because a party has
acted with neglect. McIver v. Norman, 187 Or. 516, 544, 213 P.2d 144
(1949). In that sense, <laches> differs from legal <defenses, such as the
statute of limitations. Rise v. Stickel, 59 Or. App. 675, 684,
652 P.2d 364, rev den 294 Or. 212 (1982). The analogous statute of
limitations does, however, provide guidance in determining whether an
unreasonable period of time has passed. Id. And, when an action is
commenced after the expiration of the analogous statute of limitations,
the plaintiff has the burden of proving the absence of laches. Id.[fn8]

In BRUNS v. WALTERS, 175 Or. App. 360 (2001), the court also stated in part:

    "The harm or prejudice to a defendant necessary to the laches>
    <defense can be * * * a disadvantageous change in position," Rise v.
    Steckel, 59 Or. App. 675, 685, 652 P.2d 364, rev den 294 Or. 212,
    656 P.2d 943 (1982), "making it inequitable to afford the relief sought
    against a party asserting laches," Hanns, 246 Or. at 305.

In VOSSEN v. FORRESTER, 155 Or. App. 323 (1998), the court stated in part:

        Where a defendant
    raises a <defense> of <laches>, but the analogous statute of
    limitations for an action at law has not run, the defendant bears
    the burden of proving that laches applies. Fontana v. Steenson,
    145 Or. App. 229, 232, 929 P.2d 336 (1996). In the present case, the
    parties agree that defendant bore the burden of proof. Defendant
    therefore was required to establish the three elements of laches:
    (1) that plaintiffs delayed in asserting their claim for an
    unreasonable length of time; (2) that plaintiffs had full
    knowledge of all of the relevant facts; and (3) that the delay
    resulted in such substantial prejudice to defendant that it would
    be inequitable to grant plaintiffs the relief requested. Id.,
    citing Mattson v. Commercial Credit Business Loans, 301 Or. 407,
    419, 723 P.2d 996 (1986).

11 | COURT'S ORDER REGARDING STATE DEFENDANT'S MOTION TO
VACATE FEE WAIVER – GRANTED WITH ORDER ALLOWING PLAINTIFF 30
DAYS TO CURE

Exhibit 15 page 11 of 111

Pages Not Numbered This is to
Show the Volume of Documents
Used in an ongoing Vendetta

2:15-cv-02390-SB

# Exhibit
# #5

Declaration of Robert Woodroffe In

the Matter of Robert King, JR with

Exhibits — Malheur Circuit Court Case No. 15CV1047

THis Proves an ongoing Vendetta for 12 years.

THis is Proof the Plaintiff has

Been Conducting an ongoing Vendetta

Against Defendant King Since 2005.

THis case [Malheur 15CV1047] Was

Dismissed and the Court of

Appeals upheld the Dismissal. King Won.

THis Exhibit is to show the Volume of fraudulent
Declarations Plaintiff accumulated over 12 years against defendant

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MALHEUR

ROBERT WOODROFFE,
     Plaintiff,
   v.
STATE OF OREGON,

  et al Defendants.

Case No. 15CV1047

DECLARATION OF ROBERT
WOODORFFE IN THE MATTER
OF ROBERT KING JR.WITH
EXHIBITS.

    I.Robert Woodroffe hereby declare that:

1. I am the plaintiff in this matter and am a prisoner at TRCI
in umatilla,Oregon.

2. I had previously file a motion for copies and the court denied
the motion citing Division 139 inmate legal affairs claiming this
was not required,by the courts to approve or plaintiff to get done.

3.  Plaintiff is using the following exhibits in support of his
responce Per ORCP 21 as follows.

4.  I have a letter from Micheal Mahoney which establishes the
start of defendant Kings fraud and deception to courts to deny me
do process and conspire and attempt to get me locked down in the
prison and had I been untrained completely in law as most prisoners
them I would be in segragation wrongly.and this ist exhibit is a
letter dated 6-19-2014 exhibit 1 and exhibit 2 is a letter from Mr.
Mahoney dated june 30th 2014. and exhibit 3 is a misconduct report
dated 6-10-14 by K. Short of TRCI SIU which Mr. Mahony manipulated
into the mis conduct. and exhibit 4 is the finding and facts which
show that the misconduct was friverious and soley to retaliate and
harass plaintiff for filing civil actions. Exhibits 6 thur 33 are
declarations of inmates and a affidavit to show that Robert King
has had a history of setting plaintiff up and framing him on false
allegations.

5, Mr. King was attemting to get me wrongly placed in segragation
and paid Micheal Mahoney his service rate to call the prison
which rthe prison recieved several calls to Ms. Short and minipulated
her into writing a misconduct and Robert King Knew this could
not be done and knew that it was pure harassment and retaliation
by him toard me to do as he has for several years making me fear

PAGE 1 DECLATION OF ROBERT WOODROFFE IN MATTER OF ROBERT KING WITH EXHIBITS

Ex -5 Qaro 1-A

for my safety.

6. Exhibit 5 is a letter from me to Mr. Mahoney and with all these exhibits one can see there is a problem with mr king toards plaintiff and lastly is a letter from Mr. King that is a copy of an original that I got copies of to sent to prison personal and Umatilla courts showing his demeaner toards me and trying to get me in harms way and made threats toards me.. ехіbіt 34

" I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR. USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."
Dated this 1st day of November 2015.

Robert Woodroffe 5631215
82911 Beach Access Rd.
Umatilla Oregon 97882.

PAGE 1 DECLARATION OF ROBERT WOODROFFE IN MATTER OF ROBERT H. KING JR. WITH EXHIBITS.

Ex-5

## CERTIFICATE OF SERVICE

COMES NOW, Robert Woodruffe , and certifies the following:

I am incarcerated by the Oregon Department of Corrections at Two Rivers Correctional
Institution. That on the 5 day of November , 20 15, I personally placed in the
Correctional Institution's mail service **A TRUE COPY** of the following:

Declaration of Robert woodruffe in the matter
of Robert King Jr. with Exhibits

I placed the above in a securely enclosed, postage prepaid envelope, to the person(s)
named at the places addressed below:

Number of copies (1) sent to:                    Number of copies (_) sent to:

michael Brushing
Attorney at law
825 Ne Immigrant
portland oregon 97801

Number of copies (_) sent to:                    Number of copies (_) sent to:

_____              _____

_____              _____

_____              _____

_____              _____

Robert woodruffe
(Signature)

Print Name Robert woodruffe
S.I.D. No.: 5831215
Two Rivers Correctional Institution
82911 Beach Access Rd
Umatilla, OR  97882

Page 1 of 1 –Certificate of Service

Ex-5
page 3-A

# Michael R. Mahony
## Attorney at Law

| 280 A Street East | Admitted in | Phone: (541) 473-3141 |
| P.O. Box 220 | Oregon, Idaho | Fax:   (541) 473-2651 |
| Vale, Oregon 97918 | and Washington | mahony@valelawyers.com |

June 19, 2014

Robert Woodroffe
SID #5031215
TRCI
82911 Beach Access Rd.
Umatilla, Oregon 97882

Re:    Woodroffe vs. King
       Umatilla County Circuit Court Case #CV140812

Dear Mr. Woodroffe:

        On June 16, 2014, my office received from you the following: (1) a letter dated
June 10, 2014; (2) a Summons; and (3) a copy of your Verified Complaint for case
#CV140812. Please be advised of the following: (1) I have not accepted service of your
Summons and/or Verified Complaint on behalf of Mr. King; and (2) I am not authorized
to accept service of your Summons and/or Verified Complaint on behalf of Mr. King.
My staff has checked with OJIN and found a note that your motion to serve the complaint
by mail was denied by the court. Enclosed please find a copy of that note.


        Very truly yours,

        Mike Mahony


        CC: Robert King

File copy

Exhibit 5

Exhibit K

# Michael R. Mahony
## Attorney at Law

| | | |
|---|---|---|
| 280 A Street East | Admitted in | Phone: (541) 473-3141 |
| P.O. Box 220 | Oregon, Idaho | Fax:    (541) 473-2651 |
| Vale, Oregon 97918 | and Washington | mahony@valelawyers.com |

June 30, 2014

Robert Woodroffe
SID #5031215
TRCI
82911 Beach Access Rd.
Umatilla, Oregon  97882

Re:    Woodroffe vs. King
       Umatilla County Circuit Court Case #CV140812
       June 26, 2014 letter received June 30, 2014

Dear Mr. Woodroffe:

       I have received your June 26, 2014 letter. I have not been retained by Mr. King in case #CV140812.  Please review the attached copy of my June 19, 2014 letter to you. Nothing has changed since then.  I am not authorized to accept service for Mr. King in case #CV140812 and thus will not accept service for Mr. King in case #CV140812.

Very truly yours,

Mike Mahony

CC:    Robert King

## OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

CASE # _____

Name: Woodroffe, Robert _____ · _____ SID # 5631215 ____ Housing: AH11 ___ Assignment: _____
(Last,          First,          MI)

ODOC Facility: TRCI _____ Location of Violation: AHU/mail ____ Date: 06/10/14 ___ Time: unknown

### Charge(s) WRITE IN THE APPRORIATE RULE(S)

| Rule # | Title of Rule | Major/Minor | Rule # | Title of Rule | Major/Minor |
|--------|---------------|-------------|--------|---------------|-------------|
| 2.15 | Extortion | Major | | | |
| 3.15 | Fraud | Major · | | | |
| 4.35 | Racketeering | Major | | | |

Description of violation (explain how you discovered/learned the facts and who, what, when, where, and how. Use continuation sheet if needed.):

   In mid June 2014, I received a voice mail from Attorney Mike Mahony. Mr. Mahony and I made multiple attempts to contact each other, without success. On July 11, 2014, I received several documents, including a typed letter from Inmate Woodroffe, #5631215, addressed to Mr. Malony (Mahony). The letter is an attempt to have Mr. Mahony notify or serve Inmate King, #6217368, in regards to a current lawsuit, #CV140812, that Inmate Woodroffe has filed against several ODOC staff and inmates, including Inmate King. Inmate Woodroffe also discusses his willingness to settle the case.
   Inmate Woodroffe clearly wrote an extortion type threat within the letter. Inmate Woodroffe threatened to send, what he claims to be detrimental documents about Inmate King to the parole board, if the current lawsuit wasn't resolved by the time Inmate King is scheduled to see the parole board. Inmate Woodroffe stated that he was open to a fair offer and if Mr. Mahony was interested, to set up a call on a secure line within the prison, so that they could discuss the case.
   Also included is a letter from Mr. Mahony to Inmate Woodroffe, stating that he (Mr. Mahony) is not authorized to accept service on behalf of Mr. King. It also stated that Inmate Woodroffe's motion to serve the complaint by mail was denied by the court on 5/29/14. A copy of the OJIN report is also included. There is also a letter from DOJ, stating that Inmate Woodroffe had not properly served the defendants in the case. Inmate Woodroffe was also instructed to direct any correspondence to the defendants through Shannon Vincent, Senior Assistant Attorney General.
   On July 14, 2014, I called and left a message for Mr. Mahony. Mr. Mahony returned my call later in the day and we discussed said documents. Mr. Mahony was clearly upset and stated, "I don't appreciate being extorted by Woodroffe. It is wrong! He is wasting my time and Mr. King's money. He needs to be held accountable for this."   (continued)

Disposition of Physical Evidence: Please refer to attached documents for details
Staff Witnesses: none
Immediate Action Taken: misconduct report written
Submitted by: K. Short _____ [signature] _____ Inspector 2 ___ Time: 12:20 pm am/pm Date: 07/17/14/
                              Printed Name and Signature          Title

Reviewing Supervisor: J. Edison [signature] _____ Lt ____ Time: 130 am/pm Date: 7/17/14
                              Printed Name and Signature          Title

*********************PLACED IN HOLDING STATUS*************************
As officer-in-charge, I have reviewed the foregoing Misconduct Report and find that the rule violation(s) is/are of such a serious nature that the good order and security of the facility require immediate removal of the inmate and placement in segregation status because:

_____

Placed in Segregation by: _____ _____ Time: _____ am/pm Date: __/__/__
                              Printed Name and Signature          Title

Pre Hearing Segregation Approved: _____ Denied: _____ Release Ordered: _____
                                                          Signature    Title          Date

Inmate Copy Delivered by: D Brown [signature] _____ [signature] _____ 13 ⁷ 7-D-14
                              Printed Name and Signature          Title          Time/Date Served
                                                                                 CD 293D (11/95)

Ex 5 exhibit 3
Pg2 3

**DEPARTMENT OF CORRECTIONS**
**Misconduct Report**
**Continuation sheet**

Page __2__ Of __2__ Pages          Name: __Woodroffe, Robert_____, Inst # _5631215_____
                                        (Last)              (First)

_____Inmate Woodroffe used the criminal act of extortion in an attempt to obtain personal, financial gain. Inmate Woodroffe also committed fraud by attempting to utilize the United States Postal Service to obtain proof of service for a lawsuit, after being denied that request by the court.


Signed: __Insp. K. Short_____          Date: 07/17/14_____
                        CD 293 p.2 (92)
          Reporting Employee

25



Oregon Department of Corrections (ODOC)

Mission: To promote public safety
by holding offenders accountable
for their actions and reducing the
risk of future criminal behavior

# Disciplinary Hearing

## Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| **Offender Name:** | Woodroffe, Robert Craig | **Case #:** | 1406 TRCI 0204 TRCI 25 |
| **SID:** | 5631215 | **Date(s) of Hearing:** | 07/23/2014 |

| **Rules Charged** | | **Plea** |
|---|---|---|
| 2.15 - Extortion I | | None |
| 4.35 - Racketeering | | None |
| 3.15 - Fraud | | None |

**RECEIVED**

**JUL 24 2014**

**TRCI SUPERINTENDENT'S OFFICE**

## Procedural Points

Documentation provided at the hearing indicated that the inmate had been given a copy of the Misconduct Report, Notice of Hearing/Inmate Rights and the Rules of Prohibited Conduct.

Per written testimony from staff, the inmate declined to attend the hearing and, as such, waived his right to be present at the hearing.

## Finding of Fact

### Ultimate Findings of Fact and Conclusions

Rule 2.15, Extortion I; 3.15 Fraud; and Rule 4.35 Racketeering; are dismissed due to insufficient evidence. When inmates pursue any legal actions, any alleged acts of misconduct can not be pursued administratively. It would be up to the court/legal systems to determine if any actions should be taken.

## Preliminary Order

| Rule | Charge |
|---|---|
| Extortion I | Dismissed |
| Racketeering | Dismissed |

Produced by CAMPBEML,07/24/2014 07:20:11 AM                    Page 1 of 2

R

Confidentiality Notice: This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved user under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

Exhibit 4



Oregon Department of Corrections (ODOC)

Mission: To promote public safety by holding offenders accountable for their actions and reducing the risk of future criminal behavior

# Disciplinary Hearing

## Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| Offender Name: | Woodroffe, Robert Craig | Case #: | 1406 TRCI 0204 TRCI 25 |
| SID: | 5631215 | Date(s) of Hearing: | 07/23/2014 |

| **Rule** | **Charge** |
|---|---|
| Fraud | Dismissed |

Hearing Officer:     Deacon, James *JW Deacon*      Date: 07/23/2014

Functional Unit Manager: *Taylor*     Date: 7/28/14

Final Order:   ☒ Approved     ☐ Order Hearing Reopened     ☐ Amended per below

Confidentiality Notice: This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

6/26/14

RE' woodruffe v. State of oregon etal
Case No. CV140812


Dear mr. mahony,


I appreciate your letter, but would
like to correct you and your
understanding of ojin, the alleged
note you mention on service, you
may want to look at the order in
blbl and substance, it did not
say I would not do service by
mail it, said I would not get an
order directed TRET to allow me
to do service, also service was
done in my name so it is allowed
you are also Retained by Robert
king, and the investigator in
state of oregon v. Destronk case
by investigators also confirmed it.
not to mention king loved to brag
how your on Retainer and kind
calls you a couple times a week
which can be confirmed and his
Recorded calls, so case law will
support service, I also served his
Brothr in Alabama who manages his
money, and next will be service
by publication then the file for

Default, Doc. will support summery judgment for me N 4 sites An Answers. so me Kings Actions will come be fore Court in full and also be made a part for his next parole hearing. Mr King may wish to settle this case which im willing to do if you'd like to know the case and evidence in full thus set up a phone call and you will understand in full the Damage of kings Actions and the Repercutions it will bring if it continues to move forward, I am fine with taking it all the way which Mr King Knows I'm capible of doing, but I welcome your call if you wish to Discuss all the Details.

Sincerly
Robert Weberdoffle
SG31215
82011 Beach Access Rd
Umatilla, oregon 97882

72

1
2

**DECLARATION**
(ORCP Rule 1E)

3      I, _Mark S. Hammel_ _____, do declare:

4      (1) I am a resident of Oregon and I reside at: _S R C.I_ _____ _ _____

5      _____ ._

6      (2) That I am competent to testify to the matters stated herein.

7      (3) That I have personal knowledge of the facts stated herein.

8      (4) That all facts stated are true and correct, and admissible as evidence.

9      (5) _on 4-23-06 on As-yarg I Heard inmate Alex Swangel Say That_

10   _Brady King Threatened Swangers Family if Swangle Did Not Support_

11   _Kings story to set up Woodruff, Robert. Swangir Also Said Inmates_

12   _Yancy and Jones lied in Support of Kings Story to Set up Rob_

13   _Woodruff_ _____

14   _____

15   "I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

16   KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

17   EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

18
      Dated this _23rd_ day of _April_ ____, 20_06_.
19

20                              _Mark Hammel_
                                (Signature)
21                              Print Name: _Mark Hammel_ ___
                                Sid # _10480005_
22                              Snake River Correctional Institution
                                777 Stanton Boulevard
23                              Ontario, Oregon 97914-8335

24
                                                   
Page 1 of 1 – GENERAL DECLARATION          Form

exhibit 6

1

## DECLARATION
(ORCP Rule 1E)

2

3    I, _John D. Starr_____, do declare:

4    (1) I am a resident of Oregon and I reside at: _SRCI / ODOC_

5    _____

6    (2) That I am competent to testify to the matters stated herein.

7    (3) That I have personal knowledge of the facts stated herein.

8    (4) That all facts stated are true and correct, and admissible as evidence.

9    (5) ON 4-23-06 INMATE NAXENDER

10   SWANGEL Said That BOBBY KING

11   THREATEN HIM IF HE did NOT GO

12   ALONG WITH INMATE BOB KING STORY

13   to SET UP ROBERT WOODRUFF, BOB KING,

14   THREATEN to HARM SWANGELS FAMILY.

15   "I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

16   KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

17   EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

18   Dated this 4 day of 23 ,  20 06 .

19       4-23-06

20       _Jd Starr_

21

       _____
       (Signature)
       Print Name: _JOHN D. Starr_
       Sid # _7242665_

22       Snake River Correctional Institution
         777 Stanton Boulevard

23       Ontario, Oregon 97914-8335

24

Page 1 of 1    GENERAL DECLARATION                     Form 02.020



**DECLARATION**
(ORCP Rule 1E)

I, *Ryan Anthony Miras*, do declare:

(1) I am a resident of Oregon and I reside at: *Snake River Correctional facility*.

(2) That I am competent to testify to the matters stated herein.

(3) That I have personal knowledge of the facts stated herein.

(4) That all facts stated are true and correct, and admissible as evidence.

(5) In 2004 I was placed in the Administrative Segregation Unit at Snake River. Upon my arrival I witnessed inmate Cameron being taken to seg. The next day I was on the A.S.U. yard and inmate King and inmate Cook talking about why inmate Cameron was taken to seg. Inmate King told the group how he and Cook told the Unit Sgt. that inmate Cameron was recruiting other inmates to make a "hit" on an officer. Inmate King stated "they believe what I say because they are scared of my lawyer. And now he wouldn't have to worry about inmate Cameron." He told me he'd done it before and could do it again. I asked what

PLAINTIFF'S EXHIBIT

1 he meant and he just told me not to
2 fuck with him.
3     Another incident also involved inmate
4 King and cook. They were having words
5 everyday with inmate Carver. At this
6 time I was the unit razor orderly.
7 I was approached by inate King and was
8 asked for a razor. I watched inmate King
9 hand the razor to inmate cook and tell
10 him to "go ahead." About 1 hour later
11 I was approached by the unit C/O
12 and was asked if I was missing
13 any razor parts. I took inventory and found
14 I was missing two electric razor blades.
15 The 3rd shift came on a 2:30 and
16 went straight to inmate Carver's cell
17 and searched it and came out with the
18 missing blades.
19     Had anybody asked me I could have
20 told them that since inmate Carver
21 was on L.O.P that he shaved by
22 himself and when handed back the
23 razor I observed both blades to be
24 in there proper place. Since inmate
25 Carver was on L.O.P this would have
26 been his only chance to have access

Page 2 of 3  --

1    to the razor blades in question.
2    The next day inmate King told me I
3    better not say anything because not only
4    was I part of it, but the same kind
5    of thing could be done to me
6    _____
7    _____
8    _____
9    _____
10   _____
11   _____
12   _____
13   _____
14   "I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY
15   KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS
16   EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."
17
     Dated this 25 day of April, 2006.
18
19                              (Signature)
20                              Print Name: Ryan A. Miras
                                Sid # 13787170
21                              Snake River Correctional Institution
                                777 Stanton Boulevard
22                              Ontario, Oregon 97914-8335
23
24

AFFIDAVIT OF _TRUTHFULL STATEMENT_.

STATE OF OREGON )
) ss.
COUNTY OF MALHEUR )

I, _MONTANA WAYNE CARVER_, do depose and say:

(1) I am a resident of Oregon and I reside at: _Snake River Correctional Institution 777 Stanton Blvd, ONTARIO OR 9 7914_

(2) That I am competent to testify to the matters stated herein;

(3) That I have personal knowledge of the facts stated herein;

(4) That all facts stated are true and correct, and admissible as evidence.

(5) _That do to staff conflicts from my Past 18 years of imprisonment i've staff that HATES Me for reasons of in-forming on bad staff and inmates. staff like sgt S. LANGE X-Cop Detective Police force._

_This Man HATES inmates for his own reasons, and because he HATES himself, & f Causeing himself to be removed from The Prior last Police force for illegal actions Caught redhanded, so im told._

_Sgt S. LANGE has Prior habits of Stealing Personal Property From inmates he hates and giving it to other inmates._

_He has Conspired with inmates and staff and himself To Allow for inmates cells to be opened for Possible Assaults, for inmates to inter cells and Plant Contraband_

Page 1 of 8 - GENERAL AFFIDAVIT                    Form 02.020

PLAINTIFF'S EXHIBIT

1 In said cells for Sgt S. Lange So he can search the
2 cell and find said ofens's to have said inmate's removed
3 from the unit to D.S.U. - I.M.U. et. al. and to
4 Make his Personal pool file look better for job
5 THe permotions and Advancement in Pay.
6                                            he lies on inmates,
7 damages inmates Personal Property, Art work, and such
8 Causing The state and nePartment lawsuits Paid Damages".
9
10 I belveve he has recieved Cash money From Inmate Robert H. King
11 JR Thrue the Mail, but off the record, Kings a Million-
12 air and will Pay to have his way if he dislikes you, he
13 will Pay dirty Stoff to do This and staff take advantage
14 of him and others for the Same Matters.
15                                            for over Two
16 years while in This unit I've had this happen to me and
17 Watched it happen to others with my own Eyes.
18
19 I've had this happen to me violateing a Court order and
20 have inmates To testify in behalf of This statement.
21
22 I've enoff knowledge of state and Federal, Civil laws
23 and rights to know that under Prison litigation a
24 Polygraph is admissable in a court of law.
25                                            I've
26 enif Court filetings and evidence and exhibits To Prove myself

Page 2 of 3 -- AFFIDAVIT OF TRUTHFULL STATEMENT

Form 03.010 9/98

1   Creditable but not confidential. The state has Put me in the
2   Salem Statesman Jurnal news Paper Stateing this.
3                                                          Ius
4   Attached a case law to verify This in any Court of law.
5
6   Im willing to testify, Take a Polygraph et al, in
7   behalf of this Truthfull Stadement under Penalty
8   of Purjury.
9          Sgt. S. LANGE Steals Personal Property From
10  Inmates he HATES and gives it to others trieing
11  To Cause Conflicts between inmates just to see
12  Them get Assaulted.
13          He lies to Supervisors when Confronted
14  To Save himself. but They Say Staff Dont lie, I wish
15  To God This was true.
16          Sgt. S. LANGE is HAZardous To All.
17
18      I do hereby swear or affirm that the above information is true to the
19  best of my knowledge and belief.
20
21                                      _Maulawe Wayne Carver_
                                             (Signature)
22
23  State of OREGON
24  County of _Malheur_
25  Signed and sworn to (or affirmed) before me on _9-13-_____, 20 _05_.

OFFICIAL SEAL
MAUREEN A ROSSI
NOTARY PUBLIC-OREGON
COMMISSION NO. 381202
MY COMMISSION EXPIRES MAY 26, 2008

                                      _Maureen A Rossi_
                                      Notary Public-State of Oregon
26
                                      My commission expires: _5-26-08_

Page 2 of 2 - GENERAL AFFIDAVIT                 Form 02.020  10/19/2000

1

## DECLARATION
(ORCP Rule 1E)

2

**(28 USC 1746)**

3    I, _Jonathan C. Heath_, do declare:

4    (1) I am a resident of Oregon and I reside at: _Snake River_

5    _Correctional Inst._

6    (2) That I am competent to testify to the matters stated herein.

7    (3) That I have personal knowledge of the facts stated herein.

8    (4) That all facts stated are true and correct, and admissible as evidence.

9    (5) _In the administrative segregation,_

10    _side 'B', on or about August 25th 2005,_

11    _I was talking to inmate Robert King sid#6217368,_

12    _and MR. King told me the following in substance:_

13    _MR. King asked me if, "I knew who inmate_

14    _woodruff was." I said "no." MR. King then_

15    _stated, "He's the punk motherfucker who I sent_

16    _to the hole." I said, "oh yeah?" King said,_

17    _"Yeah." King said "I wrote a two page report_

18    _telling the cops that woodruff was going to_

19    _stab SGT. Lange." I said, "wow." King said,_

20    _"woodruff aint nobody but a piece of shit_

21    _anyways. He sold everyone in here prono, and_

22    _then told the cops that they stole his stuff._

23    _It couldn't of happend to a better person."_

24

Page 1 of 2 GENERAL DECLARATION          Form 02.0

Exhibit 10



1   I said, "well, what if I got mad at
2   you, and told the cops you had a shank
3   in your cell when it wasn't true?"
4   King said," They would search my cell
5   and not find a knife. But see, I got
6   money, and SGT. Lange took $50ᵃ to plant
7   a pair of ground up clippers in woodruff's
8   cell. Ha, Ha, Ha, see there kid, thats how
9   the world goes round in these places."
10
11
12
13   In administrative segregation, at S.R.C.Z.,
14   'A' side, on or about June 25th, 2005,
15   I saw SGT. Lange and C/o Caveness
16   inventorying inmate woodruff's property
17   in the outter hallway of ad-seg.
18   on the floor, away from the main collection
19   of property, was a clear small tupperware
20   container with about 50 colored pencils,
21   and a yellow pad of 100lb. drawing paper.
22   at around this same time and date,
23   SGT. Lange came into the unit and gave
24   inmate morris the colored pencils and
25   drawing paper as a gift. MR. Lange said,
26   "Here you go, have fun."

                                    Jonathon Heath
                                    SID#11257500

Page 2 of 2 -- General Declaration

Form 03.010 9/98



1

2

3

4

5

6

7

8

9

10

11

12

13

14  "PURSUANT TO ORCP 1E AND FEDERAL RULE 28 USC 1746"
"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

15  KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

16  EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

17  Dated this _7th_ day of _September_, 20_05_.

18

19  
(Signature)

20  Print Name: _Jonathan HEATH_
Sid # _11257500_

21  Snake River Correctional Institution
777 Stanton Boulevard

22  Ontario, Oregon 97914-8335

23

24

Page _1_ of _1_ GENERAL DECLARATION                    Form 02.020    4/2004

DECLARATION
(ORCP Rule 1E)

1

2

3    I, _JONATHAN WAYNE SUSBAUER_ _SID#08892207_, do declare:

4    (1) I am a resident of Oregon and I reside at: _SNAKE RIVER CORR. INST.,_

5    _777 STANTON BLVD, ONTARIO, OR  97914-8335_

6    (2) That I am competent to testify to the matters stated herein.

7    (3) That I have personal knowledge of the facts stated herein.

8    (4) That all facts stated are true and correct, and admissible as evidence.

9    (5) _On June 11, 2005 Robert Woodruff was sent_

10   _to the DSU "hole" from Ad-Seg, for supposably having_

11   _RAZORS in his cell._

12   _Sometime thereafter about two weeks later, while_

13   _I was talking to Robert H. King, in the closet-work_

14   _room. He told (bragging) about how he set Woodruff_

15   _up by placing RAZORS into his cell. Also what is funny,_

16   _I and several inmates, WITNESSED King buying and_

17   _RECEIVING RAZORS from Canteen._

18   _I sent a letter to my close friend Price_

19   _Westerbergh (SID#7208393) who was put into the_

20   _"hole" for supposably having sexual relations with_

21   _several staff members (even though the several inmates_

22   _lied about such stuff - one them was King)._

23   _A week later, I was called from REC/Dayroom_

24

Page 1 of 2 GENERAL DECLARATION                    Form 02.020

Exhibit M

1  activities and sent to IMU-B (Ad. Seg.) office where

2  I was not "interviewed" but "interrogated" by

3  INVESTIGATOR SERANO.

4     He asked if I wrote something about Woodruff

5  being set-up by King. He then implied that I was wrong

6  and LIED about it and that "I'm in BIG TROUBLE" if

7  this was true.

8     I was scared for my life and intimidated by such

9  vehemenance from someone who is a staff member

10  of DOC. He was implying that he was working all

11  along with Robert King and that what I was telling

12  the truth (in his mind) that I was telling a story)

13  I did not know that Westerberg was two cells away in DSU.

14  "I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

15  KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

16  EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

17  Dated this 11ᵗʰ day of June ——, 20 06.

18

19  Jonathan Wshubauer
   (Signature)

20  Print Name: JONATHAN W. SUSBAUER
   Sid # 08891207

21  Snake River Correctional Institution
   777 Stanton Boulevard

22  Ontario, Oregon 97914-8335

23

24

# DECLARATION
## (ORCP Rule 1E)

I, Eric Hasselblad _____, do declare:

(1) I am a resident of Oregon and I reside at: 777 Stanton Blud ontario Oregon 97914.

(2) That I am competent to testify to the matters stated herein.

(3) That I have personal knowledge of the facts stated herein.

(4) That all facts stated are true and correct, and admissible as evidence.

(5) Today while on the yard Alexander Swangel said that he filed false affidavits against ~~EH me the~~ inmate Robert Woodroffe to get him thrown in segregation. Swangel said that inmate Robert King forced and extorted him to lie about inmate Robert Woodroffe.

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this 23 day of April, 20 06

(Signature)
Print Name: Eric Hasselblad
Sid # 14180517
Snake River Correctional Institution
777 Stanton Boulevard
Ontario, Oregon 97914-8335

Exhibit 12

Page 1 of 1 · GENERAL DECLARATION                    Form 02.0

1

**DECLARATION**
(ORCP Rule 1E)

2

**(28 USC 1746)**

3

I, _Charles P. Boone_ , do declare:

4

(1) I am a resident of Oregon and I reside at: _S.R.C.I_

5

_777 Stanton Blvd. Ontario Or. 97914_

6

(2) That I am competent to testify to the matters stated herein.

7

(3) That I have personal knowledge of the facts stated herein.

8

(4) That all facts stated are true and correct, and admissible as evidence.

9

(5) While I was on B side Ad seg

10

I noticed Robert Woodroffe was

11

having problems with the sign up

12

and use of the law library.

13

I also want to bring to attention

14

that Robert had no dealing with

15

inmate King or inmate King's

16

Friends what so ever. To put

17

it blunt, they did not like

18

eachother and I personaly

19

know this for a fact because

20

he hung with us B.J Beaty,

21

Vannoy and myself. If not with

22

us he was in his cell doing

23

his legal stuff.

24

Page __ of __ GENERAL DECLARATION

Exhibit 13

10

1  I would also like to add
2  that it is common knoledge that
3  king set him up. (everyone knows)
4  king went to the extrema as
5  to brag about it the 2 ndtime
6  was due to inmate Cobb
7  and inmate manzo. Inmate Manzo
8  ~~a~~ is good friends with king which
9  many are mainly cause of fear
10  he is a legal begal and has
11  money to enforce it.
12  _____
13  _____

**"PURSUANT TO ORCP 1E AND FEDERAL RULE 28 USC 1746"**
14  "I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

15  KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

16  EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

17  Dated this 23rd day of August , 20 05

18

19
    (Signature)
20  Print Name: Charles P Boone
    Sid # 15045815
21  Snake River Correctional Institution
    777 Stanton Boulevard
22  Ontario, Oregon 97914-8335

23

24

Page __ of __ GENERAL DECLARATION                    Form 02.020    4/2004

1     **DECLARATION**
      (ORCP Rule 1E)
2     (28 USC 1746)

3     I, _Mike Whitman_____, do declare:

4     (1) I am a resident of Oregon and I reside at: _SRCI    777 Stanton Blvd_____

5     _Ontario OR, 97914_____.

6     (2) That I am competent to testify to the matters stated herein.

7     (3) That I have personal knowledge of the facts stated herein.

8     (4) That all facts stated are true and correct, and admissible as evidence.

9     (5) _I was asked question's by Captain Milhorn about inmate Woodruff_

10    _The question's where 1) Did I know this person or make any dealing's with him and_

11    _the second was 2) Did I hear this person say or make any threat's twor about staff_

12    _Many people on ASU-Bside where question there where a few who didn't want woodruff_

13    _in the unit. I did heard from some of these people that they (responsible for woodruff_   where

14    _being sent to DSU. I never heard anything said about staff. I did hear from inmates in the_
      _unit that they wanted woodruff gone and they would try to keep him gone off the unit._
15    "I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

16    KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

17    EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."
      "ALSO PURSUANT TO ORCP 1E AND FEDERAL RULE 28 USC 1746"
18
      Dated this _27_ day of _Aug_____, 20_05_.
19

20              [mark]              _Mike Whitman_____
                                    (Signature)
21                                  Print Name: _Mike Whitman_____
                                    Sid # _13892900_____
22                                  Snake River Correctional Institution
                                    777 Stanton Boulevard
23                                  Ontario, Oregon 97914-8335

24                                                    Exhibit 84

Page 1 of 1 – GENERAL DECLARATION                   Form 02.020

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF UMATILLA

ROBERT WOODROFFE,                         Case No.CV140914
        Plaintiff,
    v..                                   DECLARATION OF JASON
STATE OF OREGON,                          BOWMAN.
    Et,al., defendants.

    I Jason M.Bowman,do declare that:

1.  I recieved a letter from Kurtis lee mcvae sid # 16103338
    on 7-7-14 which was dated from him on 7-2-14 and in it he
    states on page one that he recieved a law suit from Robert
    Woodroffe.

2.  Mcvae and Robert King bragged how they were setting up Robert
    Woodroffe for a false PREA charge to get him sent to IMU and
    new charges against him.

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF
MY KNOWLEDGE AND BELIEF,AND THAT I UNDERSTAND IT IS MADE FOR THE
USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Date this 12th day of july 2014.

                                    JASON M. BOWMAN #17743140
                                    82911 Beach Access Rd.
                                    Umatilla Oregon 97882.

PAGE 1 DECLARATION OF JASON BOWMAN.

Exhibit 15

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF UMATILLA

ROBERT WOODROFFE,
     Plaintiff,
    v.
STATE OF OREGON,
  et al Defendants.

Case No. cv 140812

DECLARATION OF JASON
BOWMAN.

I, JASON BOWMAN# 17743140 ,do declare that:

1.  That I hang out alot with Kurtis mcvae and he informed me that
    Frank Mulligan drafted a legal paper for Kurtis mcvae to sign
    and send to umatilla court.

2.  Kurtis told me to tell Robert he was sorry and that Mulligan
    and company/friends minipulated Kurtis Mcvae into lying against
    Robert Woodroffe to set him up and get off the unit.

3.  To my knowledge Robert Woodroffe has never set no one up and
    I doubt he would due to he has everything and its just not
    something he would do to someone.

4.  Robert Woodroffe was tramatized over inmates trying to set him
    again even though he got out of it and was dismissed but still
    something should of been done to people who try to set up
    others besides the free rides that TRCI continues to give out.

5.  Robert Woodroffe does his own thing and messes with no one
    to my knowledge and belief.

" IHEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF
MY KNOWLEDGE AND BELIEF,AND THAT I UNDERSTAND IT IS MADE FOR USE
AS EVIDENCE IN COURT AND IS SUBJECT TO PENALITY FOR PERJURY"

JASON BOWMAN
82911 Beach Access Rd.
Umatilla Oregon 97882

exhibit 16

## DECLARATION OF ROBERT DALE ALEXANDER

1. In about mid. December 2013. I was sitting at a table in the dayroom of AHU at TRCI, when I overheard Inmate Curtis McVay tell some other guys he was sitting with playing cards that Bobby King was paying him $120 to call PREA on Inmate Woodroffe.

2. Then maybe a week or so later, Iwas Again sitting at a table in the dayroom and heard Inmate McVay tell the guys he was sitting with how mad he was at King because he was only getting paid $50 , and that King was burning him.

3. About a week or so into January 2014. We were gathering at the door to the outside of the unit when McVay came up to Inmate King and said to him you still owe me a bag of chips and some coffee for setting up Woodroffe, Inmate King Promptly pulled the McVay kid away and out of ear shot.

"I HEREBY DECLARE THAT THE ABOVE STAEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THEY ARE MADE FOR USE AS EVIDENCE IN COURT AND ARE SUBJECT TO PENALTY FOR PERJURY"

Dated this 25th day of Febuary, 2014.

Robert Dale Alexander
# 10735733
82911 Beach Access Rd.
Umatilla, OR 97882

Page 1 - DECLARATION OF ROBERT DALE ALEXANDER

exhbt 17

**DECLARATION**
(ORCP Rule 1E)

(28 USC 1746)

1

2

3    I, Sidney S. Mecham, do declare:

4    (1) I am a resident of Oregon and I reside at: 777 Stanton Blvd

5    Ontario OR 97914

6    (2) That I am competent to testify to the matters stated herein.

7    (3) That I have personal knowledge of the facts stated herein.

8    (4) That all facts stated are true and correct, and admissible as evidence.

9    (5) On or about 6-6-05 mr. Woodroffe

10    and Boby king Jr. were having a lil argument.

11    This was in the morning time. mr. Woodroffe.

12    then went to use the law library.

13    At that time. mr. king Started to write

14    kytes using woodroffes name. He was

15    reading them out loed and Sgt. lange got

16    on the intercom and told king if

17    he wrote them kytes in the dayroom

18    he was going to DSU. mr. king then

19    went to his cell, But Stated if someone

20    Fccts with me. I don't play Fadr.

21    I think that day Sgt. lange did a Shakedown

22    on mr. woodroffe cell. I do remember

23    other inmates saying Sgt. lange messed

24

Page 1 of 3 GENERAL DECLARATION  Sm

Form 0:

Exhibit No. 68

1. with woodroffe legal property, during
2. that Shatdown. two or three days
3. after that woodraff was in DSU.
4. the same day woodroffe went to DSU.
5. mr. King came up to me in the day
6. room and said: woodroffe is going down
7. for threatening Sgt lange and if I was
8. to say I heard mr. woodroff threten
9. Sgt lange. C/o fowler pulled me in
10. the office that night to ask about
11. all of what mr. King was talking about.
12. I told her mr. King is trying to set
13. mr. woodroffe up and wonts me to
14. cosine for his story. Also mr. King
15. would pay me to do so!
16. C/o fowler said she would tell capt. millhorn
17. to come talk with me about what I
18. told mr. fowler. When capt. millhorn came
19. to the unit to interview. Just about
20. everyone in the unit about this issue.
21. he never to this day interviwed me
22. on this issue. About a week latter
23. I asked C/o fowler if she told
24. capt. millhorn about what I said. She
25. said: "No she hasent had the time."
26. _____

Form 03.018 9/96

1  Then about a week after that mr. king
2  was braging to everyone that he put
3  mr. woodroffe in IMU for 3 years.
4  mr. King was using this to intimidate
5  other inmates. I Also knew that mr. King
6  payed at least three other inmates to
7  write kytes on mr. woodroffe. This was
8  not the first time I seen mr. king
9  do this sort of thing. mr. King is well
10 knowen to pull off this sort of thing.
11  the end!

12

13
_____
"PURSUANT TO ORCP 1E AND FEDERAL RULE 28 USC 1746"
14 "I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

15 KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

16 EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

17
Dated this 25 day of August , 20 05.
18

19  _Sidney Meecham_
    (Signature)
20  Print Name: Sidney mecham
    Sid # 13113230
21  Snake River Correctional Institution
    777 Stanton Boulevard
22  Ontario, Oregon 97914-8335

23

24

Page 3 of 3 GENERAL DECLARATION          Form 02.020    4/2004

1
**DECLARATION**
(ORCP Rule 1E)

2
**(28 USC 1746)**

3
I, <u>Price Richard Westerberg</u> do declare:

4
(1) I am a resident of Oregon and I reside at: <u>777 Stanton Blvd</u>

5
<u>Ontario, Oregon. 97914.</u>

6
(2) That I am competent to testify to the matters stated herein.

7
(3) That I have personal knowledge of the facts stated herein.

8
(4) That all facts stated are true and correct, and admissible as evidence.

9
(5) <u>This affidavit is in response to a recurring</u>

10
<u>situation taking place within the boundary of</u>

11
<u>Aministrative Segragation Unit "ASU". the manipulation</u>

12
<u>of staff for the purpose of establishing a</u>

13
<u>hierarchy among a group of people. Robert H. King</u>

14
<u>SID# 6217318, Douglas French SID# 12042104, John Cobb</u>

15
<u>SID# 6132618. Are currently and have been creating</u>

16
<u>various and numerous incidents among inmates</u>

17
<u>through the use of lies, deceit and intimadation</u>

18
<u>of being expelled from add Seg if one dose not</u>

19
<u>go along with these plans. these inmates named</u>

20
<u>above are controlling who works, who gose to</u>

21
<u>these yard, who live on these unit, who are placed</u>

22
<u>on lock down status and who are placed in</u>

23
<u>displanary Segragation. This is my story.</u>

24

Page 1 of 3 GENERAL DECLARATION                    Form 02.020

PLAINTIFF'S EXHIBIT 9



1. In the month of April of year 2005 I
2. was approached on several occasions by
3. inmate Robert King, SID# 6217318, concerning
4. another inmate name Robert Woodroffe SID#
5. 5621215, Robert King repettively made the
6. comments that Robert Woodroffe was a
7. child molester and he didn't need to be
8. taking up time slots in the law library.
9. He further stated that he will take parts
10. off the typewriter and claim Robert Woodroffe
11. did it but wanted me to back up his claim.
12. I told Robert King "no". that he needs
13. to stop causing problems and stop thinking
14. everything in this unit belongs to him.
15. Robert King response was to tell me
16. he was only Talking, dont take things
17. so seriously, that he was Just testing
18. me. Three weeks later I was talking to
19. the Displinary Segregation unit for
20. inmate staff relationship! Douglas Burch
21. and inmate John Cobb, told Officers I
22. confessed to them and inmate Robert
23. King that I was having sexual relation-
24. ships with two femal officers. plus that
25. I had two more femal officers twisted
26. around my fingers and I could have any-

1   one put in the hole. also they stated

2   I was going to use this information to

3   force the Oregon Department of Corrections

4   into an out of state transfer. these inmates

5   have been engaging in this type of behavior

6   for over a year because Robert King is teaching

7   these inmates that if they stick together

8   they can say anything.

9

10

11

12

13

"PURSUANT TO ORCP 1E AND FEDERAL RULE 28 USC 1746"

14   "I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

15   KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

16   EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

17

   Dated this 16 day of October , 2005.

18

19               Price Richard Westerberg

                (Signature)

20             Print Name: Price R. Westerberg

                Sid # 7108393

21             Snake River Correctional Institution

                777 Stanton Boulevard

22             Ontario, Oregon 97914-8335

23

24

Page 3 of 3 GENERAL DECLARATION                Form 02.020   4/2004

1

**DECLARATION**
(ORCP Rule 1E)

2

3    I, _Matthew Halk_____, do declare:

4    (1) I am a resident of Oregon and I reside at: _Snake River correctional_

5    _Institution, 777 Stanten blvd, ontario OR. 97914_

6    (2) That I am competent to testify to the matters stated herein.

7    (3) That I have personal knowledge of the facts stated herein.

8    (4) That all facts stated are true and correct, and admissible as evidence.

9    (5) _On or about 4-19-06 I was talking with_

10   _an inmate bobby king sid# 6217368 he was telling_

11   _me about an individual named Robert woodroffe sid#_

12   _5631215 whome he hated due to Mr. woodroffe_

13   _thinking he knew anything about the Legal system he_

14   _further stated that he intentanaly set up mr woodroffe_

15   _with a razor blade and stated "he got what he_

16   _deserved" meaning Mr king had made false acusations_

17   _to officers to intentionaly get Mr. woodroffe in to_

18   _trouble._

19

20

21

22

23

24

Page __ of __ GENERAL DECLARATION                    Form 02.020

PLAINTIFF'S EXHIBIT

1
2
3
4
5
6
7
8
9
10
11
12
13
14  "I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

15  KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

16  EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

17
   Dated this 8 day of June , 20 06 .
18

19

20  (Signature)
    Print Name: Matthew Hulk
    Sid # 12976087
21  Snake River Correctional Institution
    777 Stanton Boulevard
22  Ontario, Oregon 97914-8335

23

24

Page __ of __ GENERAL DECLARATION                    Form 02.020    4/2004

1  **DECLARATION**
(ORCP Rule 1E)

2

3  I, Eric Hasselblad _____ , do declare:

4  (1) I am a resident of Oregon and I reside at: SRCI 777

5  Stanton BLVD ontario, OR 97914 .

6  (2) That I am competent to testify to the matters stated herein.

7  (3) That I have personal knowledge of the facts stated herein.

8  (4) That all facts stated are true and correct, and admissible as evidence.

9  (5) On or about November 16, 2005

10  I was in the law library with

11  inmate Robert King. Robert King asked

12  me if I would ~~through~~ throw

13  a pair of sharpened finger nail

14  clippers in inmate robert woodroofes

15  cell. Rober King wanted to set

16  up woodroofe with a weapon, to

17  try to send him to the hole

18  and IMU. I told robert King

19  that I didn't want to be a

20  part of setting up inmate woodroofe.

21  On or about November 23 2006

22  I was in the law library with inmate

23  Robert King. Robert King was braging

24

Page 1 of 2 GENERAL DECLARATION                Form 02.020

PLAINTIFF'S EXHIBIT Z

1  to me about how he set up
2  inmate woodroofe with a razor
3  blade. He said he put a razor
4  blade between a stack of paper
5  paper and left it in the law
6  library. When in-mate woodroofe
7  went into the law library, officers
8  came on searched and found a
9  razor blade and blamed it on woodroffe.
10  Robert King said he had the help
11  of staff to set up woodroofe
12  with the razor blade.
13
14  "I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY
15  KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS
16  EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."
17  Dated this _16_ day of _april_ , 20_06_.
18
19                                        (Signature)
20                                        Print Name: _Eric Hasselblad_
                                          Sid # _14180577_
21                                        Snake River Correctional Institution
                                          777 Stanton Boulevard
22                                        Ontario, Oregon 97914-8335
23
24
Page _2_ of _2_ GENERAL DECLARATION                    Form 02.020    4/2004

1  DECLARATION OF MICHAEL JAMES EVANS SID NO. 11668134

2  I, Michael James Evans, being duly sworn do declare and

3  say the following statements are true and correct under

4  penalty of perjury:

5  1.) I am a witness to the stated events and or a victim of

6  actions of Robert Hayden King Jr and can therefore offer

7  the following testimony.

8

9  2. On June 6, 2010 Robert H. King Jr. (Herein referred to

10  as "Bobby") Paid on Joseph Zackery Scott, an inmate on

11  Unit 1, AHU at Two Rivers Correctional Inst. (T.R.C.I) one bag

12  of instant coffee to make false statements to Corrections

13  officer Peter Alleman stating Scott had "over heard" me

14  stating I was planning to attack and stab officer Alleman

15  in an effort to have me removed from the unit and sent

16  to Snake River A.S.U. at S.R.C.I. I was instead placed on D.S.U.

17

18  3.) On July 4, 2010 Bobby, again upon my return to the unit,

19  paid Joseph Z. Scott to make further false allegations to

20  officer Alleman to again have me removed from AHU at

21  T.R.C.I. I was again placed in D.S.U. for 26 days and was

22  granted an investigation which concluded on August 26, 2010

23  and found there was in fact a conspiracy to have me removed

24  from the unit instigated by Bobby King.

25

26  4.) On October 6, 2010 I was transported illegally to SRCI's

Page 1 of 3 - DECLAR...

Exhibit 22

1   ASU in violation of OAR 291-046 and 291-105 as well as
2   my 14th Amendment rights to due process and my 1st
3   Amendment right to be free of retaliation for freedom
4   of speech - see U.S.D.C. Case No. 3:11-cv-00272-ST. As
5   in part due to on going pressure put in place by Bobby King.
6
7   5.) In September 2011 Bobby King offered the Hispanics on
8   T.R.C.I's AHU upon my return from SRCI's ASU $250°° to
9   attack me. The hispanics reported him and he was transported
10  to SRCI's ASU.
11
12  6.) On February 5, 2012 I was again illegally placed on SRCI's
13  ASU and one week latter Bobby King was returned to
14  T.R.C.I's AHU from SRCI's ASU.
15
16  7.) On December 29, 2013 Bobby King paid inmate David Wayne
17  French to call the P.R.E.A. (Prison Rape Elimination Act) hotline
18  on my self and inmate Lee Gordon Lamb to falsely claim we
19  had "sexually harassed" him. resulting on my being placed
20  in DSU for 10 days of January 2014 on unsubstantiated
21  charges.
22
23  8.) On March 7, 2014 I was questioned by two investigators
24  from the law office of "Rader" who represents Danny Defranks
25  to ask me if I knew Mr. Defranks as Bobby King
26  had contacted the District Attorney prosecuting him

1  (DeBranks) claiming I would Kill King if he testified at

2  Danny DeBranks trial. Only I do not know nor ever even

3  heard of DeBranks.

4

5  9.) On March 20, 2014 I was approached by Capt. Laine

6  Iverson asking me about DeBranks claiming King is

7  Trying to have myself and Robert Woodruff thrown

8  off the unit claiming we threated to Kill him ~~for~~ for

9  his participation in DeBranks Case.

10

11  10.) On March 24th 2014, I recieved a letter from a one

12  Robert L. Banks stating Bobby King had made

13  similar allegations to this D.A. about him as well.

14  Dated This 4th day of April, 2014

15

16                          Michael James Evans

17                          Michael James Evans

18                          #11668134

19                          82911 Beach Access Rd.

20                          Umatilla, OR. 97882

21

22

23

24

25

26

( ORCP RULE 1 E)

1 _____
2 I, Lee Gordan Lamb, being competent, and of
3 Sound mind, and based upon personal knowledge
4 and belief declare as follows:
5 1. I make this in support for Robert Craig
6 Woodroffe.
7 2. I have been a victim of Robert Hayden King,
8 Jr's antics.
9 3. He paid Inmate David Wayne French aka:
10 Michelle Mystica PTO in liquable canteen in several
11 trips.
12 4. The above information was given to me by several
13 inmates who will be mentioned in a second affided
14 declaration made previously, dated the 28th
15 day of February 2014; consisting of 1 of 4
16 pages.
17 5. I also, on 8 different occasions heard, directly
18 from Bobby King's mouth, him bragging about
19 setting people up, especially Inmate woodroff.
20 6. On or about Dec. 17th, I personally over heard
21 Mr. King openly bragging to several inmates that
22 he had paid Inmate Kurtis Lee MacVae about
23 $50 dollars in canteen which Mr. MacVae presumably
24 did not receive all of.
25 7. on or about December 29th, 2013 I was
26 approached, by Inmate's Robert Woodroffe,

exhibit 33

Cameron Dodson and Charles "Chuck" Reese informing me that MR. King was trying to set me up and that I should watch my back around him + Inmate French. Pursuant to ORCP 1 E, I hereby that all the above is true and correct to the best of my knowledge, belief and recollection. It should also be noted that in early December 2013, I was present in the day room when day Room had opened, I saw staff report to AH-35, I/M Woodroffe's cell, to roll him up an hour after he was taken to seg. Almost 2 hours later I heard numerous thumps on the stairs and saw Robert Hayden King JR. Deliberately dragging I/M Woodroffe's property bags down the steps.

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this 18 day of May, 2014.

_____
(Signature)

Print Name: LEE E GORDALAM B.
S.I.D. No. 14783826.
TRCI,
82911 Beach Access Rd.
Umatilla, Oregon 97882.

IN THE CIRCUIT COURT FOR THE STATE OF OREGON
FOR THE COUNTY OF UMATILLA

ROBERT WOODROFFE,                           CASE NO._____
          Plaintiff,

     v.                                     DECLARATION OF CHARLES
STATE OF OREGON,                            REECE.
     et al DEfendants.

        I Charles Reece do declare, that I have known Bobby King
for a number of years and seen him do alot of dirty improper stuff
in Doc. against multiple inmates and paid or threatened people
to set people up for things they did not do but he spent a good
deal of time going after Robert Woodroffe and has set him up
several times and got him thrown in segragation on made up
allegations by minipulating staff and or inmates.

        Robert King was responcible for Robert Woodroffe going
to seg for all the times he did by having inmates make up lies and
or doing it him self thur staff he has wrapped around his finger.

        In december when Robert King was the only and the sol ecause
of plaintiff going to segragation for alledged medication abuse
but this was made up and when this was a bust and bobboy found
out about it he then campaigned and threaten and paid Kurtis
Mcvae to file a false prea report on Robert Woodroffe claiming
sexual acts were done but this was all a lie and put together by
Bobby King who was bragging about the prea set up on Robert
Woodroffe and was going to get him new time and sent to IMU and
snake river.

        Ispoke to the state police over Bobby King and told them
a number of things about and how he's had it out for Robert
Woodroffe for something that took place 10 years ago.

        Bobby King has alot of money and cant spend it all so
he spends part of it to minipulate staff and inmates and finds
it intertaining to set people up, but his favorite person to get
is RobertWoodroffe.

        The sole reasion Rbobert Woodroffe got celled up with
Kurtis Mcvae was to keep him out of trouble and so people
could not use him and or talk him into bad bets, so he loses
money as the kid is a bit handy capped andRobert Woodroffe was
looking out for him plus people were trying to get the kid to
cell up soley to have sex and Robert wanted to curb it.

I am even scared of Robert King as hes a very vindictive person and any one who not for him is against him in his oppion and subbject to problems by Bobby King and he has made me do things soley out of fear for my safety and the safety of my family as he's got mafia ties and I don't want nothing to happen to my family andis why I've asked Robert For a Protective Order be filed so he cant get my declaration and get me as he would do.,

King is in prison for murder for hire and he still pays people to do his bidding and dirty work so he not dirrectly involved.

Hes had multiple staff relationships here at snake river and got staff to burn inmates.

He stole alot of porn and 2 CD's Out of the Office with c/o Ransier working and letting him do it.

Bobboy king was Bragging how He got Woodcroffes hygene and canteen from Ranser which ended up lost and bragged how he did this and showed woodoffe his drink mix of cherry drink andwwouldssay that there is nothing he could do,

This unit is so peacful now without Bobby on it as he lived to stir up shit.

I am afraid of him myself and done things for him out of fear and feel bad about it but I dont't know all the staff he has in his pocket and I have talked to staff in up up managment but it went to death hears.

" I HERTEBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR THE USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALITY FOR PERJURY."

Dated this __28__ day of __Fabuary__ 2014.

_Charles Reece_
CHARLES REECE

PAGE 2 DECLARATION OF CHARLES REECE.

**DECLARATION**
(ORCP Rule 1E)

I, Timothy Finley          , do declare that:

On numerous occasion i heard inmate
Robert king conspire with inmate Kurtis
mcule to get inmate Robert woodriff
locked up and sent to SRCI lockdown for
extortion & Rape.
Robert king paid Kurtis mcule $5000 commisary
to make false accusation and to call PREA
he was going to pay him 75.00 more when
and if they sent him to long term
lock Down. at SRCI
Robert king told him what to say & how to
say it
Kurtis mcule owed Robert woodriff for
gambling debts and that was the gutner
reason he wanted Robert locked down
at no time did Robert woodriff preasure
Kurtis mcule for anything he owed they were
and are friends.
Kurtis mcule has a serious gambling problem
and cant tell the truth about anything. He has
serious mental Health issues and Robert king
took advantage of the whole situation.
Robert king brags about all the times he
has railroaded Robert woodriff to segregation
Dating back to when this all started at SRCI
This all started over Robert king being
mad at woodriff over him not sharing the
Type writer in the Legal Library at SRCI
The day they packed up Robert woodriffs
property the police had Robert king carry
Roberts property from his cell to the

Form 04.030
                                                        exhibit 25

office.
All the way down the stairs Robert King
was banging the bags on the rails
laughing about breaking his property.
Everything i have wrote, I heard with
my own ears and watched, nobody told
me second hand

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this 26 day of March, 20 14.

_____
(Signature)

Print Name: Timothy Finley
S.I.D. No. 548450a

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF UMATILLA

ROBERT WOODROFFE                          Case No._____
        Plaintiff,                        DECLARATION OF BILL
    V.                                    DIAZ.
STATE OF OREGON,
    et al Defendants.

        I,Bill diaz,do declare that when I got over here from
Snake River Correctional Facility and was Placed on unit 4 a
Ad Seg unit heard Bobby King going all over the unit bragging
on how he has set Robert Woodroffe up again leading one to
think he had done it multiple times.
        Bobby King bragged on minipulating Kurtis macvae in
making a false PREA report on plaintiff to get him new charges
and sent to IMU because he hates Robert Woodroffe.
        These events took place in late december and the kid was
paid by Bobby King to do these acts against Robert Woodroffe
soley to set him up and burn him.
        I have also heard the kid kurtis Macvae state that it was
not true and that king paid him 120.00 to do what he did to
Robert Woodroffe.

" I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST
OF MY KNOWLEDGE AND BELIEF,AND THAT ITuIISeMADEaEORiTHEsUSEdASfor
EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this _25th_ day of _Feb_ 2014.


                                _Bill Diaz_
                                BILL DIAZ #

Exhibit 36

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MALHEUR

ROBERT WOODFROFFE,                          Case No._____
          Plaintiff,                        **DECLARATION OF JASON**
     v.                                      **BOWMAN.**
STATE OF OREOGN,
     et al Defendants.

     I Jason Bowman,do declare that I witnessed Robert King Jr..
bragging on AD SEG unit in mid december on how he set Robert
Woodroffe up again and that he also put Kurtis mcvae up to file
a false PREA report on him for payment of 120.00 but I was later
told that king didnt pay himm it all and burned him and I had
heard king threaten Kurtis mcvae to do as he said or he'd not
like the repocutions.  Robert King has A history of paying people
to set up people he dis-likes and having them thrown in segragation
on investigation or for a sanction and runs around saying he has
mafia connections,and I have repeatedly heard Kurtis mcvae say
he made false prea reports on robert woodroffe.

" I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST
OF MY KNOWLEDGE AND BELIEF,AND THAT IT IS MADE FOR THE USE AS
EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY"

Dated this _25_ day of _Feb_ 2014.


                              _____
                              JASON BOWMAN



PAGE 1 DECLARATION OF JASON BOWMAN

Exhibit 27

# DECLARATION
(ORCP Rule 1E)

I, ROBERT L BANKS _____, do declare that:

I am Writing this for Robert Woodroff in hopes that it well be of help for him in the future as I have watched and wittnessed

and been told of just plain horror stories that one Robert King had done to Robert Woodroff such as paying inmates to write kites

on woodroff that were not true but he would get 3-5 people and pay and or scare them into doing his bidding to frame plaintiff which

he  did for pleasure and to see plaintiff get set up and or go to

segragation wrongly and I cant even begain to say how many times I have wittnessed him set woodroffe up for thing he knew nothing

about and so he could hurt his parole date and keeep him from

getting out and he has planted razor blades and other contraband

in Woodroff's cell and or paid others to do it so he would go to

segragation and paid staff also for services rendered whom got

fired for other action of deciet and coruptional acts.

King went after woodroffe cause he was really sharp at criminal

and civil law and had pointed out defencies in thing king said and

or done that were wrong and would prove king to be wrong so the

person didnt get screwed over by kings false knowledge as he

claimed to be an attorney and has a laW FIRM in alabama with

his brother and is a millionare and says he can do anything

Page __ of __ – Declaration

Form 04.030

Exhibit 28

he wishes to do and no one can do anything about it and this was

true as I seen him minipulate staff into doing his bidding also

and he had secelect people he had put the fear of god into

to lie for himm and write false kites and whatever was wanted

and it got done or they would become part of kpng wrath and

harm and and he got away with it so much I cant even remember

all the time I seen and or knew about it.

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this 3RD day of MARCH , 20 10.

(Signature)

Print Name: ROBERT L. BANKS
S.I.D. No. 13178747
c/o TRCI
82911 BEACH ACCESS RD
UMATILLA, OR 97882

# DECLARATION
(ORCP Rule 1E)

I, Cameron Dodson                    , do declare that: on or about the
second week of December, 2013, inmate Robert King approached a
table in the dayroom of unit 4, Two Rivers Correctional Institution,
and stated that if inmate Robert Woodroffe would remove Officer
Rennsere (sic) from a lawsuit that Rennsere would "stop fucking
with" inmate Woodroffe. Present at the table were inmates Charles
Reece, Woodroffe, Cameron Dodson, and Robert King. It was common
knowledge that Woodroffe was suing Rennsere, and that Rennsere
was retaliating against Woodroffe by shaking down his cell, or
sending other officers to shake-down the cell, and that Rennsere
and the other officers had taken over $100.00 worth of commissary
items from Woodroffe stating that they were "contraband."

It is also common knowledge among inmates and staff that
officer Rennsere and inmate King have an innappropriate relation-
ship, and that Rennsere regularly brings King food items from
the street. The Administartion at TRCI and the Dome Building
have been made aware of this relationship and have thus far done
nothing to rectify the situation. It is also common knowledge
that King paid inmate Bemon to assault officer Ms. Smith so that
King could "rescue" Ms. Smith, and so that King could look good
in front of the Parole Board. King has admitted that he, King,

is going to "Fuck" an Inmate Defranc (sic) for killing an inmate

Chris Lange (sic) at Snake River Correctional Institution, by

giving false information about that murder.

It is also known that King paid inmate McVay $120.00 to fals-

ely accuse Woodroffe of sexually assaulting McVay. That "incident"

was investigated by Oregon State Police and found to be not true.

It is common knowledge that King pays other inmates to "set-

up" and lie on other inmates that King does not like so that that

inmate will be in troulble. King also admittedly does this for

amusement and to show that he has alot of money and is powerful.

King tells people that he, King, has "Mafia" connections.


"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this 1st day of February , 20 14.

(Signature)

Print Name: Cameron Dodson

S.I.D. No. 18187986

82911 Beach Access Rd.

Umatilla, Oregon 97882


Page   of   – Declaration

1-29-14
at
APPX
11:30 PM

**DECLARATION**
(ORCP Rule 1E)

I, KURTis LEE McVae , do declare that:

On 1-31-14 AT excatly 6:45 Pm INMate ROBERT
King called me outside To TAlk To Him INMate
Moesher was present at that TiMe. AND KiNG
~~████ ██~~ Asked me WHY was you talking To
INMate ROBERT WOODROFF And I said Because
He was SHowing me A document From The OREGON
State POLice stating That AFTER a THuRo
Investingation, THAT everything was droped
And That he coold speak To Me aGain. King
Then said you need To stay THe Hell away
From WOODROFF he's TRYiNG To set you up
and IM Not GoinG to Tell you aGain,
at That TiMe INMate Ronald May ~~T~~ came Ron
dartson came out To stand By The FIRST
yard TALB e By The Rec door over By The
SPORTS T.V, Then within 2 To 3 ~~████~~ minutes
INMate RoBeRt WOODROFF came outside
RiGHt UP To BOBBY KiNG, ANd said IF YOUR
GoinG To Threaten someone why dont You
do It To me INStead of Threating The
Kid aka (KuRtis mevae) TALKing BeHind My Back

Form 04.030

Exhibit 30

THen INmate KINE started yelliang
are You Threating me RePeated times
And INmate woodROFF said no I anit,
IM JUST maRing scre the Kid Is
aLRight. then KING said come on
Moesher & Kid LEts Go walk over
Here then Ronald Hay & cameron dartson
& ROBert WoodROFF walk BaCK INside
to the dayRoom, THats all that HaPPen
OUtside to the VERY Best oF mY Knowledge
& memcRy! THe only Reason THat
ROBert woodRoFF was outside to chcck
on me mcvae to make sure I was
safe, THats all,

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

---

Dated this _29_ day of _JaNUARY_, 20_14_.

_Kurtis lee Mcvae_
(Signature)

Print Name:_KuRtis lee mcvae_
S.I.D. No. _16103338_

# DECLARATION
## (ORCP Rule 1E)

I, KURTIS LEE MCVAE_____, do declare that:

THAT ON 12-17-14 THAT BOBBY KING PAID ME 50.00 IN CANTEEN TO SET

UP INMATE ROBERT WOODROFFE BY HAVING ME GOTO MS. CARTER WHOM

BOBBY KING HAD IN HIS POCKET TO DO AS HE WANTED AND I SEEN WAS

TRUE BY THINGS SHE DID FOR HIM REPEATEDLY AND I WENT AND TOLD

HER WHAT KING TOLD ME TO TELL HER AND THEN I WENT AND MADE A

FASLE PREA CALL THAT I NEVER REALLY WANTED TO DO BUT HE MADE

VERBLE THREATS TO HURT AND KILL MY FAMILY AND DAUGHTER WHICH

I WAS DEEPLY AFRAID FOR MY SAFETY AND THE SAFETY OF MY FAMILY

AS KING IS IN PRISON FOR PAYING TO HAVE PEOPLE MURDED AND I WAS

SCARED HE WOULD GET ME AND MY FAMILY. LT. BOSTON WAS ALSO IN

HIS POCKET AND TOLD ME TO HAVE BOBBY KING WRITE A INMATE CONFLICT

REPORT ON WOODROFFE SO BOSTON COULD GET RID OF WOODROFFE AS

BOSTON SAID HE DID NOT LIKE WOODROFFE AND WOULD GET HIM SENT

TO SNAKE RIVER AFTER HE GOT OUT OF IMU. THEN AFTERWARD KING

WAS GOING AROUND BRAGGING ABOUT HOW HE SET PEOPLE UP AND THAT

HE WAS RID OF ROBERT WOODROFFE FOR GOOD AND WOULD NOT GET OUT

OF THIS ONE. HE TOLD ME THAT C/O RANSIER WAS IN HIS POCKET

AND STOLE WOODROOFE PROPERTY AND KING GOT IT AND BRAGGING

HOW HE WAS DRINKING HIS JUICE AND USING HIS DEODERANT AND

ALSO STATED THAT HE HAD SENT SEVERAL PEOPLE TO THE HOLE FOR

Page 1 of 2 – Declaration

Form 04.030

Exhibit 31

THINGS THEY DID NOT DO CAUSE HE DID NOT LIKE HIM AND THAT DOC

WAS ALSO AFRAID OF HIM AND IS WHY THEY LET HIM GET AWAY WITH IT.

HE ALSO GOT LEE LAMB AND EVAN SET UP REPEATEDLY HE TOLD ME TO

LIE TO STUART AND THE STATE POLICE OR SOMETHING BAD WOULD HAPPEN

I AM STILL SCARED FOR MY SAFETY AND THAT BOBBY WILL GET OUT

AND MAKE ME LIE MORE OR ABOUT ROBERT WOODROFFE WHO WAS ONLY

EVER MY FRIEND AND LOOKING OUT FOR ME. KING SAID HE HAD MAFIA

TIES. THE PEOPLE ON THIS UNIT ARE SCARED OF KING ALSO AND

WOULD DO AS I DID CAUSE HE PAID THEM AND OR SCARED THEM ALSO.

HE ALSO GOT PEOPLE TO SAY HE WAS BUYING AND SELL MEDICATION

TO GET HIM IN THE HOLE THE FIRST PLACE AND WHEN HE HEARD IT

HAD FAILED IS WHEN HE MADE ME CALL THE HOT LINE AND LIE.

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this 3 day of FEBRUARY 20 14.

(Signature)

Print Name: KURTiS Lee M Crae
S.I.D. No. 1610333<u>8</u>

**DECLARATION**
(ORCP Rule 1E)

I, KurTiS-LeeMcVae, do declare that:

THat on 12-17-14 Inmate BoBBY
KinG Paid me 50,00 dollaRS In
canVteen To set INmate RoBeRt WoodRoff
UP, BY HAVING GO To MRS caRteR And Then
BY HAVING me make a Fake PReA call
~ I neVer wanTed to do It But He mad
VeRBale ThReats To HAVe MY FamilY ?
dauGHteR HURt / Kill. I was deePlY
aFRaid. Because Hes IN PRison FoR HiRING
PeoPLe FoR MuRdeR, Lt Boston was The one
THat Told BoBBY KinG To wRite The
INmate conFlict he was GoinG aRound
BRaGGinG ABouT how he set PeoPLe uP, he's
also sent mulTiPLe PeoPLe to the
Hole FoR noThing Such as Lee LamB
Micheal EVanS, RoBeRt Banks. He told
me The day BeFoRe I saw stUaRt
To KeeP my mouth shuT And Ride It
OuT oR ELse someThing Rad Will
HAPPen, He neVeR Paid me the
moneY at all, I Am scaRed FeR my

1 FAMILY. I'VE LOST A UNCLE & A AUNT &
2 MY MOM. I don't want to lose anymore.
3 He has MAFIA TIES. He had manipulated
4 OFFICERS on 2-3-14 to SEARCH cell 12
5 on 2-1-14 He THREATED me ABout me
6 TALKING To WOODROFF I JUST didn't
7 KNOW what to do Its HARD To talk
8 To STAFF when He HAS THEM on HIS
9 SIDE. IF I didn't Have FAMILY to LOSE
10 I WOULD come FORWARD. on 2-1-14 he TRYED
11 To Set WOODROFF UP BY SAYING he Got
12 threat outside. I was the one who Got
13 threaten. WOODROFF IS MY FRIEND. He
14 told me on 1-23-14. do YOU KNOW the
15 POWER I HAVE. I can have PEOPLE
16 show UP to YOUR FAMILYS HOUSE IN lomita
17 WITH GUNS drawn & Get AWAY WITH it
18 I'm So SCARED FOR MY FAMILY. that
19 I dont EVEN call them & tell them
20 anything. He goes around trying to
21 Recruit PeoPle, To Get Evens. Camp,
22 DARISON. WOODROFF IN dSU. I ONLY Got
23 11 Months to Go I want to Go Home to
24 MY FAMILY. I dont want ANY MORE time

Page 2 of 3   PLease HELP

MR Lt BOSTON TOLD ME TO have MR
KING Fill out The/PREA/INMATE CONFlICt
FORM IN hIS OWN WRITING Te& BOOK
MR WOODROFF

_____

_____

_____

_____

_____

_____

_____

_____

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this _28_ day of _FEBUARY_, 20_14_.

_Kurtis Lee McVae_
(Signature)

Print Name: _KuRtis Lee M.CVae_
S.I.D. No. _16/03338_

_____

_____



1         *Declaration of Lee Gordon Lamb*

2

3    I, Lee Gordon Lamb, being duly sworn depose and say

4   the aforementioned statements are true and correct

5   under penalty of perjury:

6 1.) I am a witness to the events mentioned herein.

7

8 2.) From January 24ᵗʰ to present Mr. Michael James Evans

9    has been my cell mate, this year 2014.

10

11 3.) From December 30ᵗʰ, 2014 to January 10ᵗʰ, 2014 I

12    was placed in DSU on an administrative hold pending

13    investigation on P.R.E.A. and Assault claims by Lt. R. Young

14    based on evidence by David Wayne French.

15

16 4.) On January 10ᵗʰ, 2014; I was debriefed by Lt. R. Young

17    who stated he had completed his investigation. When

18   I asked if David W. French would be held accountable per

19   O.D.O.C. Policy 40.1-13 Ⅵ (A)(6) for filing a false P.R.E.A.

20   Report after Lt. R. Young stated the charges were unfounded

21   he stated quote: " What goes around comes around." unquote.

22     I then stated quote: "Karma's a bitch ain't it" unquote.

23    He responded quote " He's bound to get his sooner or Later."

24 unquote.

25

26 5.) Lt. R. Young's suggestion was to "stay away from David

exhibit 33

267

1  Wayne French."

2

3  6.) I returned to Unit 4 AHU on January 14, 2014 on LOP.

4    For 7 days ending January 18th, 2014 due to the holiday.

5

6  7.) I first heard about Robert Hayden King paying David

7    Wayne French from Michael Evans on January 13th when

8    he was placed on the cell next to me per C.O. H. Carter.

9    Once I got off LOP Saturday January 18th 2014 I spoke

10    briefly to Steven J. Freeman who stated quote "I can not

11    be seen around you right now or even seen sitting with you,

12    I cannot even talk to you per a tall big hispanic looking Lt."

13    (Lt. H. Enrique) and further stated " That fat piece of shit

14    wet back Alex (Referring to Delbosque) and Bobby King, said

15    That if we are seen talking to you They would tell staff

16    we were extorting you ( me) and we would go to the

17    hole " End quote.

18

19  8.) Steve Freeman Then stated Quote: " By The way you know

20    it's all over The Unit that King paid French $50.00 to

21    make That false report against you. And I saw him going

22    around the Unit bragging about it." End Quote.

23

24  9.) I brought This Information to Sgt. Olvera on Saturday

25    January 18th, 2014. around 9:30 am. To be honest I do not

26    recall Olvera's response.

Page 2 of 4 - DECLATION OF LEE GORDON LAMB

10.) Approximately 5 days later, I spoke with Sgt. McFarland, the 3rd shift AHU Sgt. about what Steven Freeman Had told me. Sgt McFarland then called Freeman into the staff office and I reassured Freeman he would be O.K. Freeman went in and spoke to Sgt. McFarland in regard to threats he recieved from the two aforementioned inmates (See paragraph 7). Upon Freeman exiting the office I asked Freeman "Better?" and he said "A little bit, but I am sending out a long like Twelve page letter to Lt. Young about this." end quote.

11.) Mr Freeman then went on to explain why he trusted Lt. Young and Freeman stated quote "He likes puppies and so do I" I add this as a testment to Mr Freeman's state of mind.

12.) On January 18, 2014 I also, again, heard the exact same information referenced above as stated to me by Mr Freeman, was also stated by Mr Ryan Lawson. Then about 4 days later on or about January 22, 2014 upon joining us at the table for lunch Jason Michael Bowman depicted very simular information with regard to Robert Hayden King making threats and paying David Wayne French.

13.) I heard simular information relayed to me by the following inmates; Tim Finley, David Allen Baker, Charles Reese

Page  3  of  4 - DECLARATION OF LEE GORDON LAMB

1   (Reese informed me in late December that quote: "Bobby King
2   is trying to set you up" end quote), Stefan Brehl (to a different
3   degree, he only stated King told him directly that he had paid
4   French to call the P.R.E.A. hot line on myself and Evans),
5   Mr. Escoto on January 20th, 2014 told me quote: "I just wanted
6   to inform you that I personally saw Bobby King giving David
7   W. French $50.00 in canteen in several trips." unquote., Robert
8   Batley, Cameron Dodson, James Bishop, William Cupchiack,
9   Mario Salcedo, inmate Vandeford, Charles Boone, Adrienne
10  Delhosque, George Barca, Derell Pilkorski (Although subtilely)
11  These people relayed virtually unless otherwise noted the
12  difference stated.
13  Dated this 28th day of February; 2014
14
15                        By: [signature]
16                        LEE GORDON LAMB,
17                        SID#:14783876.
18                        T R C I .
19                        82911 Beach Access Rd.
20                        Umatilla, Oregon 97882-9419.
21
22
23
24
25
26

1

## DECLARATION
(ORCP Rule 1E)

2

3 I, __John D. Starr__, do declare:

4 (1) I am a resident of Oregon and I reside at: __SRCI / ODOC__

5 _____

6 (2) That I am competent to testify to the matters stated herein.

7 (3) That I have personal knowledge of the facts stated herein.

8 (4) That all facts stated are true and correct, and admissible as evidence.

9 (5) ON 4-23-06 INMATE Alaxender

10 Swangel Said That BOBBY KING

11 Threaten Him IF He did not co

12 Along with inmate BOB KING Story

13 to Set up Robert Woodruff, BOB KING

14 Threaten to Harm Swangel's Family,"

15 "I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

16 KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS

17 EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

18 Dated this 4 day of 23 , 2006.

19 4-23-06

20 John Starr
    _____
    (Signature)

21 Print Name: John D. Starr
    Sid # 7242665

22 Snake River Correctional Institution
    777 Stanton Boulevard

23 Ontario, Oregon 97914-8335

24

Page 1 of 1    GENERAL DECLARATION                Form 02.020

Exhibit 34

10-02-7899-H

2:15-cv-02390-SB

# Exhibit

# #6

1. Order Granting Motion to Dismiss in Malheur Case 15 CV 1047.

2. Court of Appeals Order Affirming the Dismissal Order in Malheur 15 CV 1047. Court of Appeals Case No A161535 King Won. Plantiff Woodroffe lost the Case.

* This case is Almost identical to the current Case 2:15-CV-02390-SB in this U.S. District Court. THIS Harassment has Got to STOP.

FILED
Malheur County Circuit Court

DEC 18 2015

Time: 11⁰⁰ .m By SAS

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MALHEUR

| | | |
|---|---|---|
| ROBERT WOODROFFE,<br>Plaintiff, | ) | Case No. 15CV1047 |
| | ) | |
| vs. | ) | **ORDER GRANTING MOTION TO**<br>**DISMISS** |
| | ) | |
| ROBERT H. KING, JR.,<br>Defendant. | ) | |

Defendant filed a Motion to Dismiss based on a failure to state a claim on

August 4, 2015.  Plaintiff filed a Response on August 17, 2015.  A hearing was had

on November 10, 2015 where plaintiff appeared pro se and defendant appeared

through his attorney, Michael Breiling.  The court having considered the parties'

filings, the record herein, and being fully advised, FINDS:

At the November 10, 2015 hearing, plaintiff orally motioned to file an

amended complaint to attempt to rectify the issues brought forth by defendant's

Motion to Dismiss.  The court heard arguments on the Motion to Dismiss and took

the matter under advisement.  The court ordered that if plaintiff wished to file an

amended complaint, he would need to file a motion and attach the amended

complaint.  The court gave plaintiff until December 10, 2015 to do so.  The plaintiff

submitted a Motion to Amend and an Amended Complaint on December 7, 2015.

The court granted the Motion to Amend and will now rule on the Motion to Dismiss

based on the Amended Complaint.

ORDER GRANTING MOTION TO DISMISS

Exhibit 6
Dmed of 6 of 7    1

✗ See
Page
4 of 6

1    Plaintiff's allegation can be best summed up as the defendant paid his

2  attorney to report to the Department of Corrections, the FBI, and the postal service

3  false allegations that put the plaintiff in segregation, which caused him damages.

4

5

6                              **Claim One – Negligence**

7    In Oregon, a common-law negligence claim requires the plaintiff to allege

8  and prove the following:

9        (1) that defendant's conduct caused a foreseeable risk of harm, (2)
10       that the risk is to an interest of a kind that the law protects against
         negligent invasion, (3) that defendant's conduct was unreasonable in
11       light of the risk, (4) that the conduct was a cause of plaintiff's harm,
         and (5) that plaintiff was within the class of persons and plaintiff's
12       injury was within the general type of potential incidents and injuries
13       that made defendant's conduct negligent.

14  *Son v. Ashland Community Healthcare Services,* 239 Or App 495, 506 (2010).  The

15  second element entails a "legally protected interest" which has been defined as "a

16  sort of 'duty' that is distinct from [] foreseeability."  *Curtis v. MRI Imaging Services*

17  *II,* 148 Or App 607, 618 (1997).

18

19    Plaintiff has not alleged a legally protected interest based on some sort of

20  duty owed or relationship between the plaintiff and defendant that was violated.

21  Claim One is dismissed.

22

23

24                       **Claim Two – Intentional Interference**

25    The court is unaware of an actionable claim of intentional interference and

26  the plaintiff cites on authority.  Intentional interference often references an

27  interference with property rights such as trespass, conversion or a right under

28

ORDER GRANTING MOTION TO DISMISS

1   contract. There is no allegations that defendant trespassed on land, stole personal

2   property or interfered with any contract. Claim Two is dismissed.

3

4

                                **Count Three – Malicious Prosecution**

5

6           The Oregon Court of Appeals succinctly stated the elements of a

7   malicious-prosecution claim in Oregon as follows:

8

        (1) the institution or continuation of the original criminal proceedings;
9         (2) by or at the insistence of the defendant; (3) termination of such
        proceedings in the plaintiff's favor; (4) malice in instituting the
10        proceedings; (5) lack of probable cause for the proceeding; and (6)
        injury or damage because of the prosecution.
11

12   *Blandino v. Fischel*, 179 Or App 185, 190 (2002).

13           Plaintiff does not allege any form of criminal proceeding. Administrative

14   segregation in a prison setting is not a criminal proceeding. Count Three is

15   dismissed.

16

17

            **Claim Four – Intentional Infliction of Emotional Distress**
18

19           To plead the tort of intentional infliction of emotional distress, the

20   plaintiff must allege facts showing that:

21         (1) The "defendant intended to inflict severe mental or emotional
22         distress" or that the distress was certain or substantially certain to
        result from the defendant's conduct;
23

24         (2) The defendant's acts "in fact cause[d] the plaintiff severe mental or
        emotional distress"; and
25

26         (3) The defendant's acts consisted of "'some extraordinary
        transgression of the bounds of socially tolerable conduct'" or exceeded
27        "'any reasonable limit of social toleration.'"

28   *Patton v. J.C. Penney Co., Inc.*, 301 Or 117, 122 (1986).

Plaintiff alleges he suffered severe mental or mental emotional distress. He does not plead ultimate facts regarding that element, merely a conclusion. Claim Four is dismissed.

## Claim Five – Cruel and Unusual Punishment

Both the United States and Oregon Constitution protect all people from cruel and unusual punishment by the government. There is no allegation that the defendant is a governmental agency or an agent of the government. Claim Five is dismissed.

## Claim Six – Defamation

"The elements of a claim for defamation are: (1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory *per se* and therefore gives rise to presumptive special harm." *Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvania v. Starplex Corp.*, 220 Or App 560, 584 (2008). In *Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvania v. Starplex Corp.*, **220 Or App 560**, 584 n 6, **188 P3d 332** (2008), the court listed four types of statements that are considered defamatory per se:

(1)    Words tending to injure the plaintiff in his or her business or profession.

(2)    Imputations of moral turpitude.

(3)    Imputations of infection with a contagious disease.

(4)    False statements regarding a person's fitness to perform official or job duties.

ORDER GRANTING MOTION TO DISMISS                                              4

*[handwritten annotation in right margin: No action under color of State law As it applies to Case 2:15-cv-02390-SB 48 USC 1483 is improper venue - Jurisdiction]*

*[handwritten: Exhibit D]*

1  If a statement is not defamatory per se the plaintiff must allege special harm.

2  Emotional distress does not constitute special harm, even when distress results in

3  serious illness. *See* Restatement (Second) of Torts §575, comment c (1977).

4       Plaintiff does not allege ultimate facts demonstrating defamation per se. The

5  court cannot find ultimate facts demonstrating special harm.

6

7

8             **Claim Seven – Invasion of Privacy, False Light**

9       The Oregon Supreme Court has expressly recognized the tort of false

10  light:

11       "One who gives publicity to a matter concerning another that places
         the other before the public in a false light is subject to liability to the
12       other for invasion of his privacy, if

13       (a) the false light in which the other was placed would be highly
         offensive to a reasonable person, and

14

15       (b) the actor had knowledge of or acted in reckless disregard as to the
         falsity of the publicized matter and the false light in which the other
16       would be placed."

17  Publicity "means that the matter is made public, by communicating it to the public

18  at large, or to so many persons that the matter must be regarded substantially

19  certain to become one of public knowledge." *Morrow v. II Morrow, Inc.,* 139 Or App

20  212, 220 (1996).

21       No ultimate facts are pled to demonstrate that the defendant made a false

22  allegations to the public in general or to so many person that the matter would

23  become public knowledge. Claim Seven is dismissed.

24  //

25  //

Exhibit 6
p. 5

1    IT IS HEREBY ORDERED plaintiff's Claims One through Seven are dismissed.

2    Defendant's counsel is ordered to prepare a General Judgment of Dismissal

3    consistent with this Order.

4

5

6

7                              DATED: December 17, 2015

8

9

10                             Lang S. Hung
                               Circuit Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO DISMISS                    Exhibit 50
                                                    6 of 7        6

FILED:  November 23, 2016

IN THE COURT OF APPEALS OF THE STATE OF OREGON

ROBERT WOODROFFE,
Plaintiff-Appellant,

v.

STATE OF OREGON, R. RUEGER, MS. K. SHORT, LT. J. EDISON, MICHAEL R.
MAHONY, and OREGON STATE BAR,
Defendants,

and

ROBERT H. KING, JR.,
Defendant-Respondent.

Malheur County Circuit Court
15CV1047

A161535

Lung S. Hung, Judge.

Submitted on October 07, 2016.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Shorr, Judge.

Attorney for Appellant:  Robert Woodroffe *pro se*.

No appearance for Respondent Robert H. King, Jr.

**AFFIRMED WITHOUT OPINION**

---

**DESIGNATION OF PREVAILING PARTY AND AWARD OF COSTS**

Prevailing party:     Respondent

[X]     No costs allowed.
[  ]     Costs allowed, payable by

---

Exhibit 6 →7 of 7

2:15 -CV - 02390 -SB

# Exhibit

# #7

1. Court Order - Umatilla Case No CV140812.

Case against King was Voided/Dismissed.

Plaintiff Woodroffe Sued

Defendant King a 2nd time

And lost this case Also

This case is almost identical to the

current case 2:15-cv-02390 -SB in this court.

This harassment has Got to Stop

20?? JUN -3 PM 3: 00

TRIAL COUR...

BY _____

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF UMATILLA

|  |  |
|---|---|
| ROBERT WOODROFFE,<br><br>       Plaintiff,<br><br>    v.<br><br>STATE OF OREGON; COLETTE PETERS;<br>MICHAEL GOWER; JERI TAYLOR; CAPT<br>IVERSON; CAPT PEDRO; CPT LYTLE; LT<br>BOSTON; LT EDISON; LT BURCHETT; LT<br>R.A. YOUNG; SGT PRIMMER; SGT<br>BROWN; CO/RASNIER; R. HILLMICK;<br>DET K. FARBER; AND ROBERT KING, JR;<br>KURTIS MCVAE, et al, all defendants are<br>sued in their individual and official capacities,<br><br>       Defendants. | Case No.  CV140812<br><br>1. Order granting State's Rule 21 motion filed<br>December 8, 2014.<br>2. Defendant King's ORCP 71 motion is granted.<br>3. Plaintiff's 2nd Amended Complaint causes the<br>order and judgment against Defendant King and<br>McVae to be void, orders of default and judgment<br>to be vacated. ORCP 23C. Ten days for the parties<br>to file responsive matters, and the court to rule. |

This matter came before the court on May 7, 2015 for hearing in conjunction with

plaintiff's other cases, CV 140914 and CV141611, which the court takes judicial notice of along

with the file and records of this case.  The court took the matters under advisement and has

currently previously ruled on the State Defendant's motion to vacate the court's earlier fee

waiver.  This case is nothing if not complex and convoluted.  It is hindered by plaintiff's litigious

nature and self-represented skills.  As discussed further herein, as a result of the decision herein

---

1. Order granting State's Rule 21 motion filed December 8, 2014.
2. Defendant King's ORCP 71 motion is granted.
3. Plaintiff's 2nd Amended Complaint causes the order and judgment against
Defendant King and McVae to be void, orders of default and judgment to be vacated.
ORCP 23C. Ten days for the parties to file responsive matters, and the court to rule.

Exhibit 7 14

1   three orders will issue: First, as to the State's Rule 21 motion, it is granted and the state may

2   prepare an order pertaining the Rule 21 motion being granted in due regard to the Court's earlier

3   ruling on the motion to vacate the court's earlier order waiving plaintiff's filing fee[1]. Secondly,

4   as a result of the analysis of Defendant King's motion for relief from judgment, and the court's

5   conclusion that the 2nd Amended Verified Complaint precluded the necessity for King to file a

6   proposed pleading as required in ORCP 71, the motion is granted with King's Attorney to submit

7   an order for the reasons set forth by King and his attorney on the record.[2] Thirdly, the court has

8   *sua sponte* examined the plaintiff's 2nd Amended Verified Complaint and overall it simply

9   throws the proverbial wrench into the workings of his case. In filing the complaint plaintiff

10  omitted both Defendant's King and McVae and the claims as to them for which he obtained

11  earlier technical default judgments. ORCP 27C takes that pleading back to the start of the case

12  and by operation of law vacates the default orders and judgments against King and McVae. As

13  this is *sua sponte*, the court is allowing the parties have ten days to file any responsive

14  memoranda related to the court's contemplated ruling under ORCP 23C. The court will rule on

15  the ORCP 23C issue thereafter.

16          This case was filed in Umatilla County unlike some of the other cases filed by plaintiff.

17  Per the complaint plaintiff states that the civil action is filed for money damages and injunctive

18  relief individually and together as to the state employees for (1) Conversion, (2) Coercion, (3)

19  Harassment, (4) Negligence, (5) 1st Amendment retaliation, (6) Intentional infliction of

20  emotional distress, (7) Libel, (8) Slander, (9) Breach of duty, (10) False imprisonment, (11) cruel

21  and unusual punishment, (12) Denial of due process, and (13) destruction of property.

22

---

23      2   1. Order granting State's Rule 21 motion filed December 8, 2014.
            2. Defendant King's ORCP 71 motion is granted.
            3. Plaintiff's 2nd Amended Complaint causes the order and judgment against
            Defendant King and McVae to be void, orders of default and judgment to be vacated.
            ORCP 23C. Ten days for the parties to file responsive matters, and the court to rule.

Ex 7 - Ord. 2 of 14 14

1    In the court's first hearing on the complaint, with the exception of plaintiffs property loss

2    claim, which the Court gave plaintiff leave to re-plead, the Court dismissed plaintiffs complaint

3    without leave to amend for failure to state a claim for relief as against the state and state

4    defendant's given, noting that a default judgment would still exist as previously order against

5    King and McVae. The court was analyzing the plaintiff's case in relationship to the remaining

6    defendants and not particularly King or McVae and the claims from which plaintiff obtained a

7    technical judgment against. As discussed in part herein, the 2nd Amended Verified Complaint

8    (2d Complaint) by plaintiff was done by the plaintiff in response to the court's order to reassess

9    his case and proceed on the property claims. The court did not tell plaintiff to omit the other

10   defendant's or their claims upon which he obtained defaults. On November 20, 2014 plaintiff

11   provided the Oregon Department of Justice (DOJ) a copy of the intended to be filed second

12   amended complaint. Declaration of Shannon Vincent, See Exhibit 7, Second Amended Verified

13   Complaint. It was filed December 2, 2014. Rather than reshaping the 2d Complaint to include

14   those claims he merely left them out relying on the earlier default judgments.

15   On December 8, 2014 the state filed Rule 21 motions against plaintiff's second amended

16   complaint.

17   **State Defendant's Rule 21 Motion.**

18   Upon hearing and for the reasons set forth in the state's motion, the court hereby dismiss

19   plaintiff's claims against the three individually named State Defendants with prejudice and

20   without leave to amend. In addition, the Court strikes Paragraphs 14, 17, 24, 25, 28, and 29 from

21   plaintiffs Second Amended Complaint. Plaintiff just cannot plead in clear and concise method

22

23   3   1. Order granting State's Rule 21 motion filed December 8, 2014.
         2. Defendant King's ORCP 71 motion is granted.
         3. Plaintiff's 2nd Amended Complaint causes the order and judgment against Defendant King and McVae to be void, orders of default and judgment to be vacated. ORCP 23C. Ten days for the parties to file responsive matters, and the court to rule.



1    required, allowed and relevant matters as required under the ORCP. The State's Attorney to

2    prepare the order.

3    **Defendant King's Motions.**

4    Furthermore, on January 23, 2015 Defendant King filed to dismiss the complaint for

5    insufficiency of service of process, and for relief from judgment. Mr. King is now represented by

6    Attorney Breiling. With the notice allowed by the court, plaintiff has a burden to show the

7    service was complete, which the court does not find that he did. The court allowed much leeway

8    to allow the plaintiff to process his suit but it appears that the notice was inadequate. Once

9    Defendant King had notice he started filing matters in opposition. Defendant McVae submitted

10   a letter but never filed anything in opposition of the default order or judgment.

11   On January 28, 2015 the court issued a limited judgment of dismissal based on the

12   arguments against the first amended complaint in October 30, 2014. At the time of the hearing

13   on this case, procedurally, plaintiff with purportedly a prior 10 day notice of intent to apply for

14   default against McVae and King on July 28, 2014, filed August 26, 2014, had obtained a default

15   limited judgment against Robert King (October 2, 2014, for $173,000.00) and Kurtis McVae

16   (October 2, 2014 for $39,039.50), and the state's pleadings in this matter apply only to the state

17   defendant's. The default judgments for plaintiff against King and McVae are purely technical

18   defaults, not shown of merit, but failure of the defendant's to tender a defense. To do this date

19   McVae has not filed any pleadings in response to the limited judgment though he sent a letter to

20   the court filed January 2, 2015. On February 25, 2015 plaintiff filed a response to Kings motion

21   under ORCP 21 and motion to set aside the earlier limited default judgment. Plaintiff reminds the

22   court that ORCP 71 requires the proposed responsive pleading to be filed.[3] It appears that King

23   _____
4 | 1. Order granting State's Rule 21 motion filed December 8, 2014.
      | 2. Defendant King's ORCP 71 motion is granted.
      | 3. Plaintiff's 2nd Amended Complaint causes the order and judgment against
      | Defendant King and McVae to be void, orders of default and judgment to be vacated.
      | ORCP 23C. Ten days for the parties to file responsive matters, and the court to rule.

1   has not done so, but then again, as next discussed by the court regarding ORCP 23C, plaintiff has

2   not plead the matters related to King and McVae in the 2d Complaint.  ORCP 71 states in part

3   that "A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under

4   Rule 21 A which contains an assertion of a claim or defense." But for the 2nd Amended

5   Complaint, it would be hard to excuse this failure, though clearly King could file the motion

6   again with the requisite pleading.  While plaintiff is correct though that King has not done what

7   he needed to do for an ORCP 71 motion, he excused it in his pleading error.  Defendant King's

8   motions are persuasive and for the reasons set forth by King and the argument of his counsel, the

9   motions are granted, with his attorney to prepare the order.

10  **Plaintiff's 2d Amended Verified Complaint.**

11          Plaintiff filed a 2d Amended Verified Complaint (2d Complaint) on December 1, 2014,

12  which the court attaches as Exhibit 1.  While plaintiff earlier obtained defaults on King and

13  McVae from the earlier complaint, now they have disappeared from the complaint.  The original

14  complaint alleged King of destruction of property, coercion, libel and slander, and McVae of

15  false imprisonment.  The court did advise the plaintiff to reassess his claims and refile as to the

16  conversion claim as to the state, but did not tell the plaintiff to somehow omit his theory as to the

17  claims against King and McVae, and of course the State's attorney did not and does not represent

18  King nor McVae.  Thus though plaintiff has a default on them from earlier his claims still would

19  be necessarily included from the earlier default. As stated in *O'Gara v. Kaufman*, 726 P.2d 403,

20  81 Or.App. 499 (Or. App., 1986), citing to *Klemgard et al v. Wade Seed Co.*, 217 Or. 409, 414,

21  342 P.2d 757 (1959); see also *Mignot v. Parkhill*, 237 Or. 450, 453, 391 P.2d 755 (1964); [81

22  Or.App. 503] *Mumper v. Matthes*, 186 Or. 357, 364, 206 P.2d 86 (1949); *Condon Nat. Bank v.*

23     5  1. Order granting State's Rule 21 motion filed December 8, 2014.
           2. Defendant King's ORCP 71 motion is granted.
           3. Plaintiff's 2nd Amended Complaint causes the order and judgment against
           Defendant King and McVae to be void, orders of default and judgment to be vacated.
           ORCP 23C. Ten days for the parties to file responsive matters, and the court to rule.

Exhibit 7   pg 5 of 14

1   *Rogers*, 60 Or. 189, 191, 118 P. 846 (1911), "a pleading loses its status as such when it is

2   superseded by an amended one." Plaintiff's pleading works against him and his claims against

3   King and McVae, and the while the court understands the general reluctance to have court's

4   render *sua sponte* rulings, sees little choice under the pleading facts. Therefore in the analysis

5   the court extrapolates authority from the following discussed cases to bring this issue to light.

6          The court first notes what is probably the general rule that a ". . . trial court has no

7   authority to render a decision on issues not presented for determination.", and thus ". . . trial

8   court erred in sua sponte ruling on a theory that was not pled." *Jensen v. Glanz*, 742 P.2d 70, 87

9   Or.App. 332 (1987), citing to *Hurlbutt v. Hurlbutt*, 36 Or.App. 721, 725, 585 P.2d 724, rev. den.

10  285 Or. 73 (1979).  The situation here is different and though not brought up by the parties, is a

11  critical pleading problem for which the court bears the responsibility of maintaining the record,

12  and the action is by operation of law, that being ORCP 23C, not by any required pleading

13  argument by the parties, or evidentiary hearing.  Nothing changes the fact of the pleading filed.

14  The plaintiff in filing the 2nd Complaint impliedly allowed the court to consider the pleading.

15  See, *Marriage of Cerda, Matter of,* 901 P.2d 263, 136 Or.App. 104 (1995) (implied consent);

16  *State v. Castrejon-Ruiz*, 188 P.3d 400, 220 Or. App. 637 (2008) (Broadly, matters raised by the

17  pleadings).  Under ORCP 23 C the pleading relates back to the original pleading and by

18  operation of law vacates the earlier defaults and awards. A pro-se litigant assumes risk of their

19  lack of legal acumen.   A pro-se self-represented litigant must comply with the rules as any other

20  litigant and will not be excused from doing so. *Union Lumber Co. v. Miller*, _____ Or App _____,

21  10 (2014). Plaintiff has failed in the extreme to comply with the requisite pleading rules that are

22  expected.  The defaults and awards against King and McVae appear to be, therefore, vacated by

23          6   1. Order granting State's Rule 21 motion filed December 8, 2014.
                2. Defendant King's ORCP 71 motion is granted.
                3. Plaintiff's 2nd Amended Complaint causes the order and judgment against
                Defendant King and McVae to be void, orders of default and judgment to be vacated.
                ORCP 23C. Ten days for the parties to file responsive matters, and the court to rule.

1  operation of law as a result of plaintiff's 2nd Complaint.  Moreover, ORCP 71(b)(1)(d) comes

2  into play as those judgments are now void.  Plaintiff abandoned his claims and does not even

3  have the starting of a prima facie case now. *See, Venture Properties, Inc. v. Parker*, 223 Or App

4  321, 195 P.3d 470 (2008) (Discussing in part dismissal with prejudice).[4]  Generally, someone

5  with pleading experience would have likely and should have retained the allegations against the

6  defaulted defendants in the amended pleading.

7       Since the matter raised is, however, *sua sponte*, the court allows the parties ten days for

8  any responsive matters in regards to the courts conclusion that the 2nd Amended Complaint

9  relates back to the original filing thus vacating by operation of law the orders and judgments

10  pertaining to Defendant's King and McVae, resulting in dismissal without prejudice of any

11  claims against them.[5]  After the lapse of ten days the court will consider any matters raised by

12  subsequent submissions and rule on the ORCP 23 issue.

13       As to the orders forthcoming herein, the court anticipates ruling on the final submitted

14  orders on these underlying matters before signing the orders, if no cure is made by plaintiff, of

15  the order vacating the earlier filing fee order.

16  SO ORDERED this ⟨3⟩ day of June, 2015.

17

18                                        DANIEL J. HILL
                                         Circuit Judge
19                                        6th Judicial District

20  DANIEL J. HILL
    CIRCUIT JUDGE
21  Umatilla and Morrow Circuit Courts          ☐ Morrow County Circuit Court
    915 SE Columbia Drive                        PO Box 609
22  Hermiston, OR 97838                          Heppner, OR 97836

23       7  1. Order granting State's Rule 21 motion filed December 8, 2014.
            2. Defendant King's ORCP 71 motion is granted.
            3. Plaintiff's 2nd Amended Complaint causes the order and judgment against
            Defendant King and McVae to be void, orders of default and judgment to be vacated.
            ORCP 23C. Ten days for the parties to file responsive matters, and the court to rule.

Ex-7  pare 7 of 14

Phone: 541-676-5264  Fax: 541-676-9902

Email: courtroom5@ojd.state.or.us

Email: courtroomheppner@ojd.state.or.us

---

[1]    The court has issued an earlier order granting the State Defendant's motion, in each case, as to vacating the fee waiver allowing the plaintiff time to cure, which he has not done, and only objected to. As to the objection the court has denied reconsideration. At the writing of this opinion the plaintiff has not cured by payment of the filing fee and the State has been instructed in writing to submit an appropriate order. Subject to events occurring in regards to that order, the court contemplates signing orders on the merit of the other matters in this and the other cases prior to the order vacating the fee waiver being signed. The signing of that order essentially will take the entire case back and un-file the matter and vacate the judgments. Other orders will have been signed prior to that which have their each operative effect.

[2]    See also the court's order regarding Defendant King's motion for relief from Judgment filed December 26, 2014.

[3]    ORCP 71 "B Mistakes; inadvertence; excusable neglect; newly discovered evidence, etc.
B(1) By motion. On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F; (c) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. **A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense.** The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment. A copy of a motion filed within one year after the entry of the judgment shall be served on all parties as provided in Rule 9 B, and all other motions filed under this rule shall be served as provided in Rule 7. A motion under this section does not affect the finality of a judgment or suspend its operation."

[4]    "Castro announced two basic principles. First, a trial court can properly dismiss with prejudice under ORCP 54 B(2), even if the plaintiff has presented a prima facie case, if the court, as trier of fact, is unpersuaded at the [223 Or. App. 337] close of plaintiff's case-in-chief. Second, that authority is discretionary, not mandatory—and, as a prudential matter, should be exercised with restraint." *Venture Properties, Inc. v. Parker*, 223 Or App 321, 195 P.3d 470 (2008), citing to *Castro and Castro*, 51 Or.App. 707, 626 P.2d 950 (1981).

[5]    While the filing of the 2nd Complaint has preclusive effect, by operation of law vacating the default orders and default judgments against King and McVae, the possibility of the court being able to allow the plaintiff to correct and re-plead must be also considered though speculative for the decision since it has not happened yet. Assuming for the moment that the court allowed the plaintiff to file a 3d Amended Complaint to correct the error the court is not seeing how the filing of the 2d Amended Complaint can be cured. Essentially, even the filing of a curative 3d Amended Complaint could only result in the claims being reasserted for future action and cannot resurrect the default orders and default judgments against King and McVae. ORCP 23C and ORCP 71(b)(1)(d) effectively vacates them by operation of law, though clearly an order is required to so reflect. Then, in retrospect, the court's subsequent order allowing only the property loss claims to move forward would remove the most if not all of the allegations under which plaintiff obtained the default judgments. Essentially, the pleading would have great problems under the law of the case.

---

[8]  1. Order granting State's Rule 21 motion filed December 8, 2014.
2. Defendant King's ORCP 71 motion is granted.
3. Plaintiff's 2nd Amended Complaint causes the order and judgment against Defendant King and McVae to be void, orders of default and judgment to be vacated. ORCP 23C. Ten days for the parties to file responsive matters, and the court to rule.

1

2      Furthermore, though assuming that the 2d Complaint stands without another amendment to cure the pleading error, the dismissal of the claims against King and McVae would likely be without prejudice, since the court would have discretion to allow plaintiff to re-plead. See, *Sandgathe v. Jagger*, 996 P.2d 1001, 165 Or App 375

3   (2000)(discussing generally dismissal and dismissal with prejudice); *Hendgen v. Forest Grove Community Hosp.*, 780 P.2d 779, 98 Or.App. 675 (Or. App., 1989) (discussing in party sua sponte decision to dismiss, and ability to amend in court's discretion). Due to that any order of dismissal of the case as to King and McVae under this portion

4   of the ruling is likely without prejudice.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    9   1.  Order granting State's Rule 21 motion filed December 8, 2014.
            2.  Defendant King's ORCP 71 motion is granted.
            3.  Plaintiff's 2nd Amended Complaint causes the order and judgment against
Defendant King and McVae to be void, orders of default and judgment to be vacated.
ORCP 23C. Ten days for the parties to file responsive matters, and the court to rule.

FILED
UMATILLA COUNTY
CIRCUIT COURT

2014 DEC -1  AM 8:22

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF UMATILLA    CIRCUIT COURT ADMINISTRATION

KT

ROBERT WOODROFFE,                        Case No. CV140812
        Plaintiff,
        v.                               2nd AMENDED VERIFIED
STATE OF OREGON,                         COMPLAINT.
JERI TAYLOR,
LT. EDISON,
LT. BURCHETT,              :
LINDA SCHUTT,
C?O RANSCIER,
et al defendants are
all sued in their individual and
official capacities.

Plaintiff Alleges;

## 1. INTRODUCTION

This is a State civil action filed by Robert Woodroffe for
money damages ans injunctive relief individually and together for
conversion/property loss.

   The defendants violated state laws,state constitution,prison
policies and rules and proceedures knowingly purposely and intentionally
with the sole intent to harm and deprive plaintiff of his property
that they took possession of and lost or destroyed out of retaliation.

   They went to such great lengths to retaliate that they lied
in two official investigations involving plaintiffs property.

## 2. JURISDICTION AND VENUE.

1.  This Court has jurisdiction pursuant to ORS 14.030 and
ORS. 14.060.
2.  This Court has venue pursuant to ORCP (state) rule 4 A,(1),C,
E,(1).
3.  This Court has jurisdiction on the subject matter because all
parties reside in this county and live in oregon and are employed
by the state of oregon.

## 3. PARTIES

PAGE 1 2nd AMENDED VERIFIED COMPLAINT.



4. Robert Woodroffe, Plaintiff is a citizen of Oregon and a inmate with Dept. of Correction (TRCI) located at 82911 Beach Access Rd. Umatilla Oregon 97882. Inmate # 5631215

5. State of Oregon is represented by Dept. of justice and located at 1162 Court st,Salem Oregon 97301.

6. Jeri Taylor is the Superintendant at TRCI located at 82911 Beach Access Rd. Umatilla Oregon 97882.

7. Lt. Edison, was a special housing Lt. and located at 82911 Beach Access Rd. Umatilla Oregon 97882.

8. Lt. Burchette Is a LT. and located at 82911 Beach Access Rd. Umatilla Oregon 97882.

9. LInda Schutt is ezec. asst. to superintendant and located at 82911 Beach Access Rd. Umatilla,Oregon 97882.

10. C/o Ransier is aspecial housing officer located at 82911 Beach Access Rd. Umatilla,Oregon 97882.

## 4. FACTS

11. Plaintiff has exhausted the grievance systen on these matters in the above claim at all 3 stages and was wrongly denied.

12. Plaintiff has timely filed a tort claim in this matter which was denied due to a poor investigation.

13. All State employees have acted and continue to act under color of state law,and constitution and have violated both.

14. Plaintiff has made several offers to resolve this and all the defendants know and have admitted and claimed would correct it,but did not.

15. C/o Ransier took plaintiffs property out of retaliation while it was in his care and possession and knowing gave it away to inmates and took it.

16. lt. Edision was the ad seg lt in charge of all property of inmates in ad seg when it is in his possession and control and to be stored  and secure and plaintiffs was not.

17. C/O has been investigated a number of time in relation to official misconduct and inmate staff relations which he was with robert king would take over time to work on ad seg and would spend the majority of it talking and plotting against plaintiff and failing to do his job due to it and the court should review his work/complaint file per under camera review to see some facts.

PAGE 2 2nd. AMENDED VERIFIED COMPLAINT.

18. C/o was suppoe to inventory any property he is to conficate
or take from a inmates property and did not have one.
C/o Ransier as in #18 was to also fill out a shake done on
all the property he conficated for noe reasion other than to harass
me .
19. C/o ransier took all of plaintiff's hygene and canteen and in
the inventory done by another staff member was not in plaintiffs
stuff upon release and was documented.
20.  C/o violated Doc rule division 117 upon which he failed to
log plaintiffs property he took and giving it to king as king braged
ot getting it.
21. a investigation was done by Lt. burchett and was done poorly
and the  canteen list confirm the loss alone and said it would all
be replaced and was not but some htgene was gave tp plaaintiff,
but no canteen cause C/o Ransier said he did not recall there being
any canteen.
22.  Ms. Tayor per MIcheal gower said it would all be replaced
as c/o ransier violated rules and policey in handling plaintiffs
property
23. C/o ransier was full of hatred toard me and taking bribes from
inmate king,and waskings goto guy to set plaintiff up and harass
plaintiff.
24.  Plaintiffwould incorperate all the statements involving his
property of verified compolaint dissmissed by this court.
25.Plaintiff made a bonafied effort to collect all his loss but
failed and even made a offer to settle this with Shannon vincent.
25. the following property is what was missing still and not replaced:
1. soy sause, 2. BB sause,3. 2 top ramen soups, 4. refied beans,
5. Tub of cheeze. 6. Whipper mix. 7 coffee, 8. 3 creamers, peanut
butter,10. cherry drink mix, 11. 7 crystal lights, 12. 6 spices,
13. siam hot sause, 14. milky way candy bar, 15. 1 jelly beans,16.
2 noxema, 17. afta, 18. 2 Next one lotions, 19. vick, 20. eye drops,
22. tooth brush, 23. ck lotion, 24. dental floss.25. palmer coco
butter lotion, 26. murreys,
27. 3 vitiams, and 28. denture tub with a total cosr of 103.63
of which plaintiff went out of his way to resolve with defendants
and doj. with zero results.
28 plaintiff would of done this in small claims but in a prior case
PAGE 3 2nd. AMENDED VERIFIED COMPLAINT.

on a prior case in this court doj lied to the courts knowingly,
and intentionally to win a case based on fraud .
the above case is on its way to this court per a chanhe of venue
and should of been settled.

29. plaintiff would resolve this case at a loss for 150.00 to
plaintiffs reserved account for mP4 songs or would just take 150.00
in music vouchers and this case is done and dont got to cost thousand.

    Wherefore the palintiff respecfully requests that this court
grant the following relief as follows:
Claim one Coversion/property loss.

1. General damages to be determined by the court or jury.
2. comensatory damages jointly and severly for 1,500.00 against
    defendants;State of oregon,jeri Tatlor,Lt. edison,Linda schutt,
c/o Ransier for not protecting plaintiffs property while in there
care and protection.
3. for all costs and disbursments and such other relief this court
deems approperate.
4. Plaintiff would further request a hearing as to a prevailing
party fee on ORS. 20.190(2),(A),(3),(a),(b),(c),(e),(h) as to an
enhancement prevailing party fee unless this court can determine
it without a hearing since the defendants would rather force this
thur the courts and or appeals costing thousands as apposed to
replacing and or getting me music vouchers for my mp3 player I
will have in a couple weeks..
Respectfully submitted this 24th day of november,2014.

ROBERT WOODROFFE PRO SE

"I ROBERT WOODROFFE HEREBY DECLARE THAT THE ABOVE COMPLAINT CONTENTS
ABOVE ARETRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF AND THAT I
UNDERSTAND IT IS MADE FOR THE USE AS EVIDENCE IN COURT AND IS
SUBJECT TO PENALTY FOR PERJURY.
Date this 24th day od November 2014.

ROBERT WOODROFFE PRO SE

PAGE 4 2nd AMENDED VERIFIED COMPLAINT.

## CERTIFICATE OF SERVICE

I hereby certify and depose that I served the attached:

_2nd Amended Verified Complaint_

_____

_____

_____

on the below listed interested person/parties, by mailing a true
and correct photocopy and/or original with first-class postage
affixed, placing the same in the T.R.C.I. Legal mail depository on:

DATED this _25th_ day of _November_ , 20 _14_ .

Number of copies sent (_1_) to:

_Sherman Vincent_
_1162 Court St Ne_
_Salem Oregon_
_97301_

_____

Number of copies sent (__) to:

Number of copies sent (__) to:

_____

_____

_____

_____

Number of copies sent (__) to:

_____

_____

_____

_____

Print Name: _Robert Woodruffe_

Inmate No.: _5631245_

Two Rivers Corr. Inst.
82911 Beach Access Rd.
Umatilla, OR 97882-9419

CERTIFICATE OF SERVICE
- SOLO AT REAR -

Ex 7